## No. 25258

### The People of the State of Colorado v.
### Vance E. Story, Glenn K. Svanes, and Gustave B. Wilbur
(511 P.2d 492)

Decided June 25, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Charles F. Willett, for defendants-appellants.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendants-appellants were jointly tried and convicted of the dispensing of LSD and hashish. The chief assignment of error is the trial court's failure to grant defendants' motions for separate trials. We reverse the case on that ground as to Svanes and Wilbur. Error asserted by Story relating to failure of the trial court to give a required instruction also makes necessary reversal as to Story.

I.

Defendants' motions for separate trials were grounded on testimony given by one Detective Smith, both at the preliminary hearing and at the hearing on the motion for severance. Smith was a witness in chief against the defendants. He testified that he had learned from an informant where LSD and marijuana were available at a Grand Junction address. Disguised in subculture garb and accompanied by the informant, detective Smith gained admittance to the house. Therein he met all three defendants. Smith stated he first engaged in conversation with defendant Story, resulting in obtaining from him 60 LSD tablets. Related to this transaction, detective Smith testified at the two hearings:

"He (Story) told me that the previous day a guy came up and got some of the acid for some high school students, and a high school kid had to be taken to the hospital as a result of taking the acid."

The principal ground urged in the motion for severance was that the evidence of the prior transaction involving Story with the high school youth (but not connected with nor related to Svanes and Wilbur) would probably be offered at

the trial against Story, but would not be admissible against Svanes or Wilbur. The court denied the motion.

During the trial, the testimony of detective Smith was elicited as predicted, except that Smith at the trial quoted Story as saying that the high school boy had obtained the LSD directly from Story rather than through a second person as previously related.

Detective Smith's testimony was objected to as not being admissible against Wilbur and Svanes. The objection was overruled. The defendants then asked the court to give the cautionary instruction as required in *Stull v. People,* 140 Colo. 278, 344 P.2d 455, relating to similar transactions and limiting the evidence only to show a common scheme or design. The court refused to give the cautionary instruction. Then the defendants moved for a mistrial. That was denied.

Defendants Wilbur and Svanes point out that the statements made by detective Smith relating to the sale of LSD to a local high school student and his resultant hospitalization was prejudicial and improper under Crim. P. 14. Crim. P. 14 states in pertinent part:

"* * * However, upon motion any defendant shall be granted a separate trial as of right if the court finds that the prosecution probably will present against a joint defendant evidence, other than reputation or character testimony, which would not be admissible in a separate trial of the moving defendant. * * *"

It was made clear to the trial court in two preliminary hearings that this evidence regarding the high school student would probably be presented at trial against defendant Story, and that it would not be admissible in a separate trial against defendants Wilbur and Svanes. Although they were present when the Story statement was made, neither defendant Svanes nor defendant Wilbur were shown to have connection with or knowledge of the prior transaction, nor did they assent, accede, or give other sign or support to it. *Oaks v. People,* 150 Colo. 74, 371 P.2d 443; *Cook v. People,* 56 Colo. 477, 138 P. 756.

## II.

■ Although the statement of the transaction with the high school youth is admissible against Story and can be used in a separate trial against Story alone, we are required to reverse because the court refused to give the cautionary instruction mandated by *Stull v. People, supra.* In *Stull* this court said:

"To cope with the intrinsic dangers of admitting in evidence proof of similar acts and yet to make available such evidence in the proper setting, this Court has from time to time laid down some rather stringent conditions for the admission of evidence of other conduct of the defendant. These conditions are rules which have as their aim the equilibration of the necessity of proof and the danger of unfair prejudice, of which we have just spoken.

"We enumerate. First, the prosecutor should advise the trial court of the purpose for which he offers the evidence. Secondly, if the court admits such evidence, it should *then and there* instruct the jury as to the limited purpose for which the evidence is being received and for which the jury may consider it. Thirdly, the general charge should contain a renewal of the instruction on the limited purpose of such evidence. * * *"

None of these procedures were followed by either the district attorney or the trial court.

The judgment is reversed and remanded to the trial court for proceedings consonant with the views expressed herein.

MR. JUSTICE GROVES does not participate.