## No. 27636

## The People of the State of Colorado v. Gary Proctor

(570 P.2d 540)

Decided October 24, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE GROVES.

Roy C. Box had been a witness to a "ruckus" and was listed as a potential witness on a summons and complaint pending against the defendant. Box testified that on March 20, 1976 the defendant stated:
"[I]f I [Box] showed up in court, that I would be taken care of. There would be somebody there to see what he got and I would be taken care of if I went."
Box had not been served with a subpoena at the time of the March 20, 1976 incident but subsequently received one.
The jury found the defendant guilty of violating subsection (a) of section 18-8-604, C.R.S. 1973:
"Intimidating a witness. (1) A person commits intimidating a witness if, by use of a threat of harm or injury to a person or property directed to a witness or to a person he believes is to be called as a witness in any official proceeding, he attempts to:
"(a) Influence him to testify falsely or unlawfully withhold any testimony; or
"(b) Induce him to avoid legal process summoning him to testify; or
"(c) Induce him to absent himself from an official proceeding to which he has been legally summoned.
"(2) Intimidating a witness is a class 4 felony."
On appeal, the defendant contends that subsection (a) should not be construed as being applicable to these facts. The defendant's argument is two-pronged. He contends that such a construction of subsection (a) conflicts with the language and structure of the entire statute and also renders subsection (a) unconstitutional as an infringement on freedom of speech.

Defendant notes that subsection (c) deals specifically with intimidation to induce someone to avoid appearing altogether. That provision requires that the party be legally summoned. Thus defendant contends that this construction of subsection (a) renders subsection (c) meaningless by allowing punishment of the same conduct without the requirement that the party be legally summoned. Defendant further contends that "unlawfully withold any testimony" must be read together with "testify falsely" with the resultant conclusion that subsection (a) as a whole was intended to deal only with intimidation which has the effect of deceiving the trier of fact. This deception may be accomplished either by the use of false testimony or withholding vital portions of testimony. In sum, defendant's argument is that subsection (c) was intended to deal with inducing someone not to appear at all, while subsection (a) was intended to deal only with deceptive testimony.

On the contrary, it appears that the defendant's actions come within the plain language of subsection (a). It is clear that he has attempted to influence someone to withhold testimony. It is hardly a mitigating factor that his goal was the withholding of all testimony, not just portions thereof.

Defendant next contends that "*unlawfully* withhold any testimony" must mean something more than a failure to be present to testify when there is no legal compulsion, arguing that, since the witness was not subpoenaed at the time of the contact, withholding testimony could not be unlawful.

The defendant misinterprets the statute. Whether the potential witness has been subpoenaed at the time of the contact is irrelevant. The statute expressly forbids intimidation, not only of a witness, but also of one whom the accused "believes is to be called as a witness" in the future. We hold that all that is necessary to complete this crime is to presently attempt, by threat of harm or injury, to influence someone to withhold testimony at a future time. It is clear that "unlawfully" refers to the time when the testimony is to be actually withheld, not to the time of the contact. If we were to accept defendant's proposition the result would be that a party could freely intimidate potential witnesses up until the time they were served with a subpoena. Obviously, threats of future harm delivered before a subpoena arrives may be just as effective as those delivered after the subpoena arrives. The General Assembly could not have intended the disparate treatment of these threats proposed in the defendant's argument.

Defendant also argues that this construction of subsection (a) renders it unconstitutional as an infringement on freedom of speech. We do not agree with this contention. Rather, we are concerned with the use of "a threat of harm or injury" in an attempt to intimidate a witness. In *People v. Vaughan*, 183 Colo. 40, 514 P.2d 1318 (1973), this court stated:

"It is well settled that the state has an overriding interest in prohibiting conduct or speech which incites others to *unlawful conduct* or provokes retaliatory actions amounting to a breach of the peace." *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). (emphasis added)

In this case, the very purpose of the words, not just the effect, was to induce unlawful conduct. Thus regulation is justified.

We also find that this statute is necessary to insure the proper functioning of our judicial system.

"A state may adopt safeguards necessary and appropriate to assure that the administration of justice at all stages is free from outside control and influence." *Cox v. Louisiana*, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965).

Such necessary safeguards are justified restrictions upon the constitutionally protected right of free speech. *Cox v. Louisiana, supra.* Thus we find the statute to be constitutional.

Judgment affirmed.

MR. JUSTICE HODGES, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.