Rule made absolute.

**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Jose GONZALES, Defendant-Appellant.**

**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Arnie VIDAL, Defendant-Appellant.**

Nos. 77–095, 77–242.

Colorado Court of Appeals, Div. I.

April 27, 1978.

Rehearings Denied May 11 and May 25, 1978.

Certiorari Granted Aug. 21, 1978.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Karen Hoffman Seymour, J. Stephen Phillips, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendants-appellants.

RULAND, Judge.

Defendant, Jose Gonzales, appeals his jury conviction of intimidating a witness and defendant, Arnie Vidal, appeals his jury conviction of felony menacing and intimidating a witness. We affirm Vidal's convictions. We reverse Gonzales' conviction and remand for a new trial.

Insofar as pertinent here, evidence presented by the People showed that on May 28, 1976, Gonzales was involved in a fight with Lawrence Avalos outside a bar in Colorado Springs. Avalos was stabbed, allegedly by Gonzales, and taken to the hospital by Jose Barreda, who witnessed the incident. Subsequently, Gonzales was charged with assault.

At a preliminary hearing on June 17 at which Gonzales was present, there was evidence presented that Barreda had witnessed the episode and had been interviewed by the investigating officer.

On June 26, Barreda, Avalos, and Jerry Bowers drove to the El Matador Restaurant in Colorado Springs where they planned to eat. Outside the restaurant Barreda and Bowers were confronted by Gonzales, Vidal, and two other men. Vidal brandished a switchblade knife and twisted it menacingly at Barreda; Gonzales grabbed Barreda by the collar, slammed him against a wall several times, and stated, "I heard you pulled a rat on me . . . if you pulled a rat on me, I am going to kill you." Another man hit Barreda in the face.

The defendants were both charged with the offense at issue here as a result of the June 26 incident. However, over objection, the People were allowed to present evidence to the effect that Barreda again encountered Vidal on July 14. This time Vidal was apparently waiting for Barreda in the day room at Barreda's Army barracks. Vidal again pulled a knife on Barreda, indicated that Barreda was making a mistake,

and threatened to stab him if Barreda refused to accompany Vidal outside. Once outside, Barreda was able to escape.

At trial Gonzales presented evidence through duty rosters and supporting witnesses that he was on guard duty on the evening of June 26 and could not have confronted Barreda and Bowers.

### VIDAL'S APPEAL

Vidal contends that the trial court erred in failing to grant his motion for a separate trial on the ground that evidence pertaining to the May 28 assault by Gonzales was inadmissible against him. In the alternative, Vidal contends that even if that evidence were admissible, the trial court erred in allowing the People to present details of the assault. We disagree with both contentions.

Vidal was charged in one count with intimidating a witness. See § 18–8–604, C.R.S.1973. Thus it was necessary for the People to show that Barreda had witnessed something concerning which his testimony would be probative. See People v. Proctor, 194 Colo. 172, 570 P.2d 540 (1977). Consequently, evidence of the May 28 episode was necessary to prove one of the elements of the crime charged. See People v. Hines, 194 Colo. 284, 572 P.2d 467 (1977). Thus, the motion for severance was properly denied. See Crim.P. 14; People v. Johnson, 193 Colo. 199, 560 P.2d 465 (1977).

The evidence admitted concerning the May 28 episode consisted of Avalos' terse testimony that he was in a fight with Gonzales and had been stabbed, an officer's testimony that Gonzales had been charged with assault as a result of the fight and that Barreda was identified as a witness at the preliminary hearing, Barreda's brief testimony that the two had fought, and two photographs depicting the stab wounds suffered by Avalos. The jury was instructed that this evidence was to be considered only for the limited purpose of establishing that an "official proceeding was pending against Gonzales" and that Gonzales might have expected Barreda to be called as a witness against him.

This evidence did not unduly emphasize the May 28 incident, and its admission was proper, especially in view of the cautionary instruction. Moreover, because a verbal description of testimony concerning Avalos' injuries would have been admissible for the purpose of showing the "total picture" surrounding the June 26 incident, *see People v. Hines, supra,* the trial court acted within its discretion in admitting a photographic depiction of those injuries. *See People v. Steele,* 193 Colo. 87, 563 P.2d 6 (1977).

Finally, Vidal contends that the evidence of the June 26 episode which showed that he held a knife in a menacing way while Gonzales verbally and physically accosted Barreda was insufficient to support his convictions. We also disagree with this contention.

The evidence viewed in a light most favorable to the verdict, *see People v. Lankford,* 185 Colo. 445, 524 P.2d 1382 (1974), was sufficient for the jury to infer that Vidal had knowledge that Barreda might be called as a witness against Gonzales and that Vidal intended to prevent Barreda from testifying. *See* § 18–8–604, C.R.S. 1973. It was also sufficient to permit the jury to infer that Vidal had intentionally threatened Barreda, causing Barreda to fear serious bodily injury. *See* § 18–3–206, C.R.S.1973; *Biddle v. District Court,* 183 Colo. 281, 516 P.2d 645 (1973).

## GONZALES' APPEAL

Gonzales contends that the trial court erred in failing to grant his motion for a separate trial. We agree.

Gonzales filed a pre-trial motion for severance alleging generally that evidence against Vidal might be offered at trial which was inadmissible against Gonzales. This motion was denied. Then, prior to Barreda's testimony, Gonzales specifically objected to admission of evidence concerning the July 14 incident and moved for a separate trial. The trial court also denied this motion and admitted the evidence, but cautioned the jury that it was only to be considered against Vidal and only for the purpose of determining Vidal's intent during the June 26 episode.

A defendant is entitled to a separate trial as a matter of right whenever it appears by motion to the trial court that the prosecution will introduce evidence, other than reputation or character testimony, which would not be admissible against him in a separate trial. *Crim.P.* 14; *People v. Story,* 182 Colo. 122, 511 P.2d 492 (1973); *see People v. Johnson, supra.*

The People argue, however, that the evidence was admissible against Gonzales under the co-conspirator exception to the hearsay rule. The trial court recognized, and we agree, that the evidence was not admissible on this basis.

While statements made by a conspirator during the course of and in furtherance of the conspiracy are admissible against a co-conspirator, *Villafranca v. People,* 194 Colo. 472, 573 P.2d 540 (1978), there must be specific evidence which demonstrates that the conspiracy is extant. *Villafranca, supra; People v. Burke,* 37 Colo. App. 289, 549 P.2d 419 (1976). Here, there was no evidence to indicate that Vidal was acting in concert with Gonzales on July 14.

Alternatively, the People contend that a separate trial was not required because Gonzales failed to inform the trial court in his written pre-trial motion of the specific evidence which he anticipated would be inadmissible against him. This contention lacks merit.

While a pre-trial motion for severance must ordinarily contain reference to the testimony which is incompetent against the defendant so that the trial court can make an informed ruling, *Padilla v. People,* 171 Colo. 521, 470 P.2d 846 (1970), the motion may be made before the evidence is presented if it is based upon grounds not previously known. *See People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972). Here, there was no showing by the People that the grounds relied upon for severance were known prior to trial, *see ABA, Standards Relating to Joinder and Severance* § 2.1,

and the record reflects that Barreda did not return from Korea until after the trial started. Thus, we have no basis for concluding that the defendant was aware of the objectionable testimony until after the trial commenced.

We have considered Gonzales' other contentions on this appeal and conclude that they have no merit.

The judgment against Vidal is affirmed. The judgment against Gonzales is reversed and the cause is remanded for a new trial.

COYTE and STERNBERG, JJ., concur.