DUBOFSKY, J., joins me in this concurrence and dissent.

The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Philip R. TOOMER, and Dennis L. Butler, Defendants-Appellants.

No. 77–171.

Colorado Court of Appeals, Div. II.

Aug. 30, 1979.

Rehearings Denied Sept. 27, 1979.

Certiorari Denied Jan. 7, 1980.

---

5. Note, *Inevitable Discovery: The Hypothetical Independent Source Exception to the Exclusionary Rule,* 5 Hofstra L.Rev. 137, 158 (1976).

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David Schwartz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Terry L. Perlet, Colorado Springs, for defendant-appellant Butler.

William H. Kirkman, Jr., Colorado Springs, for defendant-appellant Toomer.

SMITH, Judge.

Defendants Butler and Toomer were jointly tried and were each convicted of second degree burglary, two counts of second degree assault, menacing, attempted aggravated robbery, and conspiracy to commit both aggravated robbery and second degree burglary. Both defendants appeal, and we affirm.

I. Toomer's Appeal

Toomer maintains that he was entitled to a severance and to have his case submitted to the jury at the conclusion of the People's case-in-chief, and that the failure to do so resulted in the jury's consideration of evidence against him which would not have been admissible had he been tried separately. This contention arises because Toomer's co-defendant elected to testify in his own defense. Toomer argues that it was reversible error to allow Butler's testimony to be considered in his case. We disagree.

**1182**

The fact that Butler testified while Toomer did not does not mandate severance. *See* Crim.P. 14; *People v. Story*, 182 Colo. 122, 511 P.2d 492 (1973). A co-defendant who takes the stand is fully subject to cross-examination as to any matter which might implicate another defendant, and thus severance is not required on the basis of a denial of the right to confrontation. *Joyner v. U. S.*, 547 F.2d 1199 (4th Cir. 1977); *United States v. Troutman*, 458 F.2d 217 (10th Cir. 1972). Toomer does not argue that antagonistic defenses existed. Under the circumstances here, and since a motion to sever is addressed to the sound discretion of the trial court, *People v. Rivas*, Colo., 591 P.2d 83 (1979), we affirm the denial of the motion to sever.

Toomer's argument that evidence was elicited from Butler that would, in separate trials, have been inadmissible against Toomer is apparently based solely on the theory that Butler would not have been called as a witness in Toomer's trial. This is not necessarily so. In any event, Toomer does not indicate, nor have we found, any specific evidence that would have been prejudicial to Butler and inadmissible if Toomer had been separately tried. Some of Butler's testimony might have been rejected as irrelevant. However, that testimony was not prejudicial to Toomer.

Toomer next argues that the court erred when it failed to require the state to elect between multiple counts where Toomer was charged with attempted aggravated robbery and second degree assault on the same persons. Toomer argues that since the assault charges were lesser included within the offenses of aggravated robbery, he cannot be convicted of both offenses. We disagree.

To be a lesser included offense, it must be impossible to commit the greater offense without satisfying every element of the lesser offense. *People v. Grant*, Colo. App., 571 P.2d 1111 (1977). However, inasmuch as aggravated robbery requires only that the perpetrator be armed with a deadly weapon and that he have specific intent, and not that the weapon actually be used in

attempting to cause an injury to another, it is possible to commit aggravated robbery without also committing second degree assault. Sections 18–3–203, and 18–4–302(1), C.R.S. 1973; *People v. Grant, supra.* Thus, second degree assault is not a lesser included offense of aggravated robbery (or attempted aggravated robbery).

Finally, Toomer contends that the sentence imposed upon him of not less than twenty-five nor more than thirty years for second degree burglary is excessive. Again we disagree.

Second degree burglary of a dwelling is a class three felony, section 18–4–203(2), C.R.S. 1973, and the authorized sentence is confinement in the state penitentiary from five to forty years. Section 18–1–105, C.R.S. 1973. This court cannot modify a sentence absent a showing that the trial court abused its discretion and by so doing imposed a clearly excessive sentence. *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975). In view of the aggravating circumstances presented, and the fact that the sentence is within the statutory limits, we find no abuse of that discretion in this case.

## II. Butler's Appeal

Butler initially contends that he properly raised the defense of intoxication and that his tendered instruction in this regard should have been submitted to the jury. We disagree.

The record reveals that Butler's counsel did not tender any instructions on intoxication, but rather that these instructions were tendered only by Toomer's counsel. Furthermore, the record reveals that the only theory advanced by Butler was that he was not present during the commission of the crimes. In support of this assertion, Butler testified that he had consumed large amounts of alcohol and various drugs during the course of the day and that as a result he was at home when the criminal episode occurred. The trial court in denying the tendered instructions, concluded that this evidence related to the alibi defense only.

Since defendant Butler's theory of the case was that he was not present during the commission of the crimes, the intoxication issue had no relevance to the commission of the crime and only tended to support the alibi defense. We therefore find this contention to be without merit. *See People v. Truesdale*, 190 Colo. 286, 546 P.2d 494 (1976).

Butler also asserts that he was entitled to a trial separate from co-defendant Toomer. Butler argues that antagonistic defenses were presented in that Butler relied upon alibi and intoxication, while Toomer remained silent, relying on the presumption of innocence. Butler also argues that he could not comment on Toomer's silence, when Toomer failed to take the witness stand, and that had the defendants' trial been severed, Toomer might have testified for Butler at Butler's trial. We disagree with each of these contentions.

■ The defenses advanced by Butler were not antagonistic to those of his co-defendant. Defenses are not antagonistic where they do not specifically contradict each other. *U. S. v. Morrow*, 537 F.2d 120 (5th Cir. 1976). Where defendants merely deny participation in the crime, their defenses are harmonious and severance is not required. *U. S. v. Jardan*, 552 F.2d 216 (8th Cir. 1977). Our review of the record reveals no fundamental unfairness, and since there is a recognized governmental interest in joint trials where all charges arise from a single sequence of events and the proof of each defendant's guilt is not disparate, we find no abuse of the trial court's discretion in denying Butler's motion to sever. *People v. Maestas*, 183 Colo. 378, 517 P.2d 461 (1973).

Butler next argues that the court erred in failing to require the state to elect between the multiple counts in that aggravated robbery includes the offense of second degree assault. For the reasons stated in our discussions of Toomer's arguments we likewise disagree with Butler's argument.

The judgments of conviction and the sentence imposed on defendant Toomer are affirmed.

ENOCH, C. J., and PIERCE, J., concur.