## No. C-1638

**The People of the State of Colorado v. Jose Gonzales**

(601 P.2d 1366)

Decided October 22, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Karen Hoffman Seymour, Assistant Attorney General, David K. Rees, Assistant, for petitioner.

J. Gregory Walta, State Public Defender, Thomas M. Van Cleave, III, Deputy, for respondent.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari in this case to review a court of appeal's decision granting the defendant, Jose Gonzales, a new trial on the basis of the trial court's refusal to grant him a severance or separate trial. *People v. Gonzales,* _____Colo. App. _____, 602 P.2d 6 (1978). We reverse the court of appeals, and remand with directions that the court of appeals reinstate the jury verdict, conviction, and sentence.

Jose Gonzales and a co-defendant, Arnie Vidal, were tried and convicted by a jury of intimidating a witness. Vidal was also charged and convicted of the related offense of felony menacing. Prior to trial, Gonzales moved for a separate trial alleging that evidence admissible against Vidal was inadmissible against him and would unfairly prejudice his defense. The trial court denied the motion. Thereafter, in the course of trial, the evidence was admitted against Vidal, but the jury was instructed on its limited use against Vidal. On appeal, the court of appeals reversed the trial court, holding that the defendant's motion, coupled with a showing that the evidence was inadmissible against Gonzales, required reversal, since severance was a matter of right. We disagree.[1]

---

[1] *People v. Johnson,* 192 Colo. 483, 560 P.2d 465 (1977), *Kurtz v. People,* 177 Colo. 306, 494 P.2d 97 (1972), *People v. Robles,* 183 Colo. 4, 514 P.2d 630 (1973), and *People v. Story,* 182 Colo. 122, 511 P.2d 492 (1973), should not be read as suggesting that severance is a matter of right in every case when evidence offered against one co-defendant is inadmissible against the other.

■ When considering motions relating to joinder and severance, the provisions of Rules 8, 13 and 14, Crim. P., provide the trial court with an initial foundation. Section 16-7-101, C.R.S. 1973, however, offers more specific guidelines for the resolution of this issue, and provides:

"When two or more defendants are jointly indicted or informed against for any offense, and there is *material* evidence, not relating to reputation, which is admissible against one or some of them but which is not admissible against all of them if they are tried separately and which is prejudicial to those against whom it is not admissible, those against whom such evidence is admissible *shall be* tried separately upon motion of any of those against whom the evidence is not admissible. In all *other* cases, defendants jointly prosecuted shall be tried separately or jointly in the discretion of the court." (Emphasis added.)

The section contemplates a two-part test for determining severance issues: (1) whether there is material evidence admissible against one but not all of the parties; and (2) whether admission of that evidence would be prejudicial against those parties against whom the evidence is not admissible.

■ In *People v. Maestas,* 183 Colo. 378, 517 P.2d 461 (1973), we set out specific guidelines to aid the trial court in determining whether the possible prejudice to a defendant's case justified severance. First, we adopted section 2.3(b)(i) of the American Bar Association Standards on *Joinder and Severance* (section 13-3.2 in the 1978 revision of the standards). The recently revised standard offers more definitive guidelines and provides:

"Standard 13-3.2. Severance of defendants.

"(a) When a defendant moves for severance because of an out-of-court statement of a codefendant makes reference to, but is not admissible against, the moving defendant, the court should determine whether the prosecution intends to offer the statement in evidence as part of its case in chief. If so, the court should require the prosecuting attorney to elect one of the following courses:

"(i) a joint trial at which the statement is not admitted into evidence;

"(ii) a joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been deleted, provided that, as deleted, the confession will not prejudice the moving defendant; or

"(III) severance of the moving defendant.

"(b) The court, on application of the prosecuting attorney, or on application of the defendant other than under paragraph (a), should grant a severance of defendants:

"(i) before trial, whenever the defendants are not joinable pursuant to standard 13-2.2(a), or whenever severance is deemed appropriate to promote a fair determination of the guilt or innocence of one or more defendants; or

"(ii)   during trial, whenever, upon consent of the defendant to be severed or upon a finding of manifest necessity, severance is deemed necessary to achieve a fair determination of the guilt or innocence of one or more defendants.

''(c)   When evaluating whether severance is 'appropriate to promote' or 'necessary to achieve' a fair determination of one or more defendants' guilt or innocence for each offense, the court should consider among other factors whether, in view of the number of offenses and defendants charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense and as to each defendant."

We approve the revised standard and emphasize that the goal underlying this standard and the statute, which is patterned after the standards, is to promote a fair determination of the issue of guilt or innocence of the defendant.[2]

As further criteria, in *Maestas* we directed that the trial court consider whether evidence inadmissible against one defendant will be considered against the other defendant, despite the issuance by the trial court of the proper admonitory instructions. We also stated that an additional consideration was whether the defendants planned to offer antagonistic defenses.

In this case, the issues are not complex. Given the nature of the related offenses, little doubt is created that the jury, as the trier of fact, was able to comprehend the evidence offered against both defendants and to apply the law intelligently as to each offense and as to each defendant. Moreover, the defendants did not have conflicting defenses. Consequently, the resolution of the issue of prejudice requires us to determine whether the trial court properly exercised its discretion in finding that the admonitory instructions given were sufficient to prevent the jury from applying the inadmissible evidence against Gonzales.

---

[2] Compare section 13-3.1., *Severance of offenses,* which provides:

"Standard 13-3.1.   Severance of offenses.

"(a)   Whenever two or more unrelated offenses have been joined for trial, the prosecuting attorney or the defendant shall have a right to a severance of the offenses.

"(b)   The court, on the application of either the prosecuting attorney or the defendant, should grant a severance of related offenses:

"(i)   before trial, whenever severance is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or

"(ii)   during trial, whenever, upon the consent of the defendant or upon a finding of manifest necessity, severance is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.

"(c)   When evaluating whether severance is 'appropriate to promote' or 'necessary to achieve' a fair determination of the defendant's guilt or innocence for each offense, the court should consider among other factors whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense."

■ At the outset, we recognize that the trial court properly advised the jury on the use of the evidence that was admitted; moreover, there is a strong presumption that the jury followed the trial court's instructions. *See Lakeside v. Oregon,* 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978); *People v. Quintana,* 189 Colo. 330, 540 P.2d 1097 (1975). Thus, the question to be resolved becomes whether the admitted evidence was so inherently prejudicial that the jury could not have limited its use to its proper purpose. That question is a matter for the sound discretion of the trial court and should not be reversed absent a clear abuse of that discretion.

■ After a review of the facts of this case, we cannot say that the trial court abused its discretion. The record shows that Jose Gonzales was involved in a fight with Lawrence Avalos. Jose Barreda was with Avalos at the time the altercation occurred and testified at a preliminary hearing on the assault charge against Gonzales. The preliminary hearing centered on the use of a knife by Jose Gonzales in the fight. Avalos was stabbed several times in the fight and Barreda offered the testimony which established probable cause to charge Gonzales with assault.

Shortly after the preliminary hearing, Barreda and a companion were outside a restaurant in Colorado Springs when they were confronted by Gonzales, Vidal, and others. Gonzales slammed Barreda against a wall several times and said that he heard that Barreda put a rat on him and that if he did he was going to kill him. While Barreda was being worked over by Gonzales and others, Vidal stood by brandishing and twisting a switchblade knife in a menacing fashion. Some two weeks later, Vidal cornered Barreda in an army barracks and again threatened him with a knife for testifying against Gonzales. Barreda escaped, and charges were filed against Vidal.

When the defendants were tried for intimidation of a witness, the prosecution offered evidence relating to the encounter between Barreda and Vidal in the barracks — not as part of its case in chief, but rather as secondary evidence establishing Vidal's intent during the first encounter. The trial judge admitted the evidence but cautioned the jury that such evidence was to be received only as to Vidal and could be considered only as it reflected on his state of mind, intent, or design as it existed during the first encounter at the restaurant. In his charges to the jury, the trial judge also included separate instructions admonishing the jury against using the inadmissible evidence for any other purpose. Given the secondary nature of the evidence and the trial judge's carefully worded instructions as to its use, the trial judge could have properly concluded that the possibility of prejudice was too remote to warrant severance in this case.

Accordingly, we reverse the court of appeals and remand with directions to reinstate the jury verdict, conviction, and sentence.

JUSTICE GROVES dissents.