■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER PHILLIPS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 23, 1978, convicting him of robbery

in the first degree (two counts), burglary in the first degree and coercion in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. While we are not convinced that the admission of the codefendant's redacted statements to the arresting detective, made out of the presence of defendant, was violative of defendant's constitutional right to confront witnesses against him (see *United States v Lord,* 565 F2d 831), we are of the view that it was nonconstitutional error for the trial court not to have instructed the jury, either at the time those statements were admitted or in its charge, that those statements, which, of course, were inadmissible hearsay as to defendant, were not to be considered as proof of defendant's guilt. Since the proof of defendant's guilt was not "overwhelming", reversal is required (see *People v Crimmins,* 36 NY2d 230, 241). We are also of the view that the trial court's prohibition of all communication between defendant and his attorney during a luncheon recess which interrupted defendant's cross-examination, to which defendant objected, was overbroad and violative of defendant's right to the assistance of counsel (see *United States v Bryant,* 545 F2d 1035; *United States v Allen,* 542 F2d 630, cert den 430 US 908; *People v Narayan,* 76 AD2d 604). The trial court's failure to explain the application of the law to the facts or to refer to the evidence in any respect was also error (see *People v Mabry,* 58 AD2d 897). While we do not reach the issue in light of our disposition of this appeal, we note our doubt that defendant was properly sentenced as a second felony offender predicated upon his prior Federal conviction for mail theft (see Penal Law, § 70.06, subd 1, par [b], cl [i]; *People v Olah,* 300 NY 96). Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.