The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Donnie E. VIGIL, Defendant-Appellant.**

**No. 81CA0418.**

Colorado Court of Appeals,
Div. II.

Aug. 4, 1983.

Rehearing Denied Aug. 25, 1983.

Certiorari Denied March 5, 1984.

the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Repl.Vol. 10).

J.D. MacFarlane, Atty. Gen., Dale Tooley, Dist. Atty., Brooke Wunnicke, Asst. Dist. Atty., Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Gerald E. Piper, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Donnie E. Vigil, appeals his jury conviction on counts of aggravated robbery and first degree burglary with a deadly weapon. We affirm.

## I.

Initially, defendant maintains the trial court erred when it denied his motion for severance of trial, and later when it refused limiting instructions tendered by defendant.

The charges filed against defendant arose out of an incident involving three

assailants. After being arrested and advised of their rights, defendant and a co-defendant (Cortez), made statements which admitted involvement in the incident. In his written statement, Cortez referenced the individuals involved as, "[W]e ... they ... We, Eddie and I ...." Defendant's oral statement implicated all three individuals by name. The remaining co-defendant made no statements to the police.

At trial, the People indicated their intention to introduce each of the statements made by Cortez and defendant, and all statements and all actions taken by any of the defendants during the course of the incident.

In support of his motion for severance of trial, defendant asserted that either, but not both Cortez and defendant, would probably take the witness stand, and that the resulting limitation on counsel's ability to comment upon the other's refusal to testify would be prejudicial; that the Cortez statement was prejudicial to defendant; and that the defenses asserted by defendant and Cortez were antagonistic.

The trial court granted the motion for severance filed by the third co-defendant, but denied similar motions filed by defendant and Cortez. In so doing, the trial court relied upon § 16-7-101, C.R.S.1973 (1978 Repl.Vol. 8), and ruled that the evidence which was inadmissible against defendant, but admissible against Cortez, would not constitute prejudice to defendant during trial, provided the court admonished the jury and restricted admission of such evidence to a particular purpose.

The court further found that antagonistic defenses did not exist, and, that given an admonitory instruction from the court, the issues to be presented would not be so complex as to be confusing to the jury.

Despite this ruling, however, the trial court did not give admonitory instructions to the jury when the Cortez statement was identified, offered, and received, without objection by defense counsel, into evidence.

At the close of the presentation of evidence, defense counsel tendered an instruction which addressed the jury's consideration of the Cortez statement. This instruction limited the use of the statement as to Cortez alone.

The court refused this instruction on grounds that defense counsel had failed to enter a contemporaneous objection to the admission of the statement itself into evidence.

Therefore, the jury was instructed to analyze the evidence as to each defendant separately, but was not instructed that some of the evidence applied only to one defendant or the other.

### A. The Motion to Sever

Defendant now asserts the trial court erred in its ruling on his motion for severance. We disagree.

The purpose of severance is to promote a fair determination of the guilt or innocence of one or more defendants. *People v. Gonzales*, 198 Colo. 450, 601 P.2d 1366 (1979). Severance is mandatory only when:

"[T]here is material evidence, not relating to reputation, which is admissible against one [co-defendant] but which is not admissible against [the other] .... [and] which is prejudicial to [the defendant as to whom it is not admissible] ...." *People v. Armstrong*, 664 P.2d 716 (Colo.App.1982).

Thus, the grant or denial of a motion for severance is discretionary with the trial court, and to urge successfully reversal of a trial court's denial of such a motion, defendant must show substantial prejudice to him resulted because of the trial court's ruling. *People v. Gable*, 647 P.2d 246 (Colo.App.1982). Where no such prejudice is shown, an abuse of discretion will not be found, and the trial court's ruling will be affirmed. *People v. Magoon*, 645 P.2d 286 (Colo.App.1982).

To aid a trial court in determining whether possible prejudice to a defendant justifies severance, our Supreme Court has adopted the *A.B.A. Standards on Joinder & Severance* § 2.3(b)(1). *People v. Gonzales, supra.*

■ Further, our court has set forth additional criteria for a trial court when considering the possibility of prejudice and unfair trial if severance is denied:

(1) Whether the number of defendants or the complexity of evidence, taken together with the applicable law, will be confused by the jury, as it applies the law to each defendant. *People v. Warren,* 196 Colo. 75, 582 P.2d 663 (1978);

(2) Whether the jury will likely consider evidence inadmissible against one defendant as against the other defendant, despite proper admonitory instructions; and

(3) Whether defendants assert antagonistic defenses. *People v. Gonzales, supra.*

■ Here, the issues were not complex. Each defendant was charged with the same offense. The trial court properly concluded that a jury, properly instructed, would not confuse the evidence and law applicable to the offenses charged against each defendant. Moreover, mutual participation of defendants in an offense is considered a logical basis for refusing to sever. *People v. Armstrong, supra.*

■ Our Supreme Court has recognized that the distinct element of unfairness created when one of two or more defendants elects to testify while the remaining defendants elect to remain silent, is not always prejudicial. *People v. Warren, supra.* Here, although the fact that only one of the defendants would testify and the resulting prejudice from such an election, was unknown to the trial court at the time of the hearing, it properly ruled that admonitory instructions would cure any such resulting prejudice or unfairness. *People v. Gonzales, supra.*

Next, we must consider the trial court's failure to admonish the jury, in accord with its own ruling, when the Cortez statement was admitted and received into evidence.

■ Even where admonitory instructions are given, if the evidence received was so inherently prejudicial as to make it impossible for the jury to limit its use to its proper purpose, the trial court may be said to have abused its discretion. *People v. Gonzales, supra.* Because no instructions were given here, we must examine the evidence received which was inadmissible against defendant, and determine if it might have prejudiced him.

The detective who interviewed Cortez testified only to the procedure followed in taking the statement from Cortez. He did not discuss or testify to the contents of the statement itself. From this testimony, the jury heard nothing about, or referring to, defendant here.

The statement itself referred to defendant only once by name, and then as "Eddie." On the stand, defendant, whose middle name is Edward, gave his name as "Donnie E. Vigil," and throughout the trial, defense counsel referred to defendant as "Donnie." Therefore, the jury was never exposed to testimony which indicated "Donnie" was also "Eddie."

■ In light of the testimony given by the interviewing detective and the statement itself, we cannot say the evidence admitted was so inherently prejudicial to defendant here that the jury could not limit the purpose of the evidence itself to Cortez alone. *People v. Gonzales, supra.*

Therefore, we find no clear showing of substantial prejudice to defendant because of the trial court's ruling on his motion to sever, and thus, no reversible error occurred relative to the denial of the motion and the admission of the statement of the co-defendant.

B. *Evidence Admitted and The Final Charge To the Jury*

We must next address the trial court's refusal to include a limiting instruction concerning use of the Cortez statement by the jury in considering the evidence and law applicable to each defendant.

Prior to receipt of the Cortez statement into evidence, Vigil's counsel was permitted to voir dire, at the conclusion of which she stated that she had no objection to the admission of this evidence, and it was received by the court.

Because defense counsel failed contemporaneously to object to the admission of the Cortez statement and did not request admonitory or limiting instructions at that time, the trial court ruled defense counsel had effectively waived any objection to the evidence, including the opportunity to request a limiting instruction as part of the final charge to the jury. Hence, defendant's limiting instruction was refused by the court, and defendant asserts this was reversible error. We disagree with defendant's contention.

Having found no Colorado law on point, we adopt the rule set forth in *People v. Phillips*, 431 N.Y.S.2d 99, 77 A.D.2d 927 (1980). There, the court faced an identical situation. It held that by not instructing the jury, either at the time the co-defendant's statements were admitted or in its charge to the jury that those statements were not to be considered as proof of defendant's guilt, the trial court did err, but that such error was not plain error.

### II.

Defendant next asserts the trial court's submission and acceptance of a general verdict of guilty to the crime of aggravated robbery deprives him of his right to a unanimous verdict guaranteed by § 16–10–108, C.R.S.1973 (1978 Repl.Vol. 8) and Crim.P. 31(a)(3). Defendant asserts that because the trial court failed to instruct the jury that its members had to agree unanimously as to the method by which the offense of aggravated robbery was committed, he was denied his statutory and procedural right to a unanimous jury verdict.

We find this contention to be without merit. *See People v. Taggart*, 621 P.2d 1375 (Colo.1981). Here, as in *Taggart* and again in *People v. Noble*, 635 P.2d 203 (Colo.1981), the court instructed the jury on the general requirement of a unanimous verdict, and the record discloses ample evidence to support a guilty verdict on either the commission of aggravated robbery with either specific intent or with knowing conduct. *People v. Ledman*, 622 P.2d 534 (Colo.1981).

The jury unanimously found that the defendant did "threaten the use of a deadly weapon." Since "force" has been defined as violence or threat or display of physical aggression towards a person as reasonably inspires fear of pain, bodily harm, or death, the threatened use of a deadly weapon established the prerequisites of the statute. *People v. Gallegos*, 193 Colo. 108, 563 P.2d 937 (1977). Here, the jury was required to find at least "knowing" state of mind as to the aggravated robbery charge which insured that all of them were certain beyond a reasonable doubt that the defendant was guilty of that method of committing the crime. Therefore, defendant was not deprived of his right to a unanimous verdict. *People v. Noble, supra.*

The judgment of conviction is affirmed.

SMITH and TURSI, JJ., concur.