The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Bernadette Cecelia BARELA,
Defendant-Appellant.

No. 81CA0805.

Colorado Court of Appeals,
Div. III.

May 10, 1984.

Rehearing Denied June 7, 1984.

Certiorari Denied Oct. 9, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Bernadette Barela, was charged with manslaughter and felony child abuse, and her husband, Jesse Barela, was charged with felony child abuse following the death of their infant son, Adam. Following a joint jury trial, defendant was convicted of both charges and sentenced to concurrent four year terms of imprisonment. Defendant's husband was convicted of felony child abuse. Defendant appeals, and we reverse and remand for a new trial.

Adam, born several weeks prematurely, suffered from hyaline membrane disease, which impeded his breathing and necessitated his placement on a respirator. He also had a slow pulse, an unstable body temperature, and other problems characteristic of a premature infant. Adam was eventually discharged from the hospital, but defendant was informed that he had special medical problems which would require a physician's care.

More than one month later, Adam started choking and stopped breathing while being fed and an ambulance was called. Two days later, following extensive testing, it was determined that he was "brain dead," and, with the consent of defendant and her husband, Adam's life support systems were turned off.

An autopsy was then performed which ruled out hyaline membrane disease and other problems associated with his premature birth as the cause of death. Instead, the autopsy revealed the immediate cause of death to be severe cerebral edema, a progressive swelling of the brain caused by blunt trauma. The autopsy also revealed that Adam had suffered six broken ribs and three subdural hematomas approximately four weeks prior to hospital admission. The injuries had occurred on more than one occasion. In addition, Adam was found to be malnourished.

Evidence was presented that the defendant had vigorously shaken and/or thrust Adam down on a couch on more than one occasion.

I.

The defendant first contends that the trial court erred in denying her motions for a bill of particulars and to elect a specific date and instance as to the charges. We disagree.

Count I charged that defendant recklessly caused the death of her son during a period of time between December 25, 1979, and February 7, 1980. Count II charged

that defendant, during that same time period, cruelly punished and placed the child in a situation that endangered his life and health intentionally, negligently, and knowingly. Prior to trial, the defendant filed motions for a bill of particulars and to require the prosecution to elect a specific date and instance as to the charges. Both motions were denied.

■ It is within the trial court's discretion to grant or deny motions for bills of particulars, and its action will not be disturbed on appeal absent an abuse of discretion. *Balltrip v. People*, 157 Colo. 108, 401 P.2d 259 (1965). The basic purpose of a bill of particulars is to define more specifically the offense charged, *Balltrip, supra*, in order to enable defendant to prepare a defense and to avoid prejudicial surprise. *People v. District Court*, 198 Colo. 501, 603 P.2d 127 (1979).

■ Here, in denying the motion, the trial court found that the date sought was otherwise available by means of discovery, and defendant does not demonstrate that she was inadequately advised of the charges, prevented from preparing a defense, or surprised at trial.

As to defendant's argument regarding election of specific date and instance, her reliance on *People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (1980) is misplaced.

In *Estorga*, it was noted that:

"[W]here there is evidence of many acts, any one of which would constitute the offense charged, the People may be compelled to select the transaction on which they rely for a conviction. The People are not required to identify the exact date of the offense, but they must individualize and select a specific act."

*See Laycock v. People*, 66 Colo. 441, 182 P. 880 (1919). However, the evidence in this case showed that not one single act, but rather, several successive acts of defendant, contributed to Adam's death. Thus, there was evidence of continuing conduct of defendant which resulted in an accumulation of injuries and which eventually resulted in Adam's death.

Regarding the charge of felony child abuse, there was evidence of a continued pattern of conduct which resulted in malnourishment, lack of proper medical care, cruel punishment and mistreatment. Under this state of the evidence, the trial court did not abuse its discretion in denying the motion to elect, properly finding that a continuing course of conduct had been shown.

## II.

We do, however, agree with defendant's next contention, that the trial court erred in denying her motion to sever her trial from that of her husband. We conclude that the trial court abused its discretion in not severing the trials.

■ A motion for severance of defendants is addressed to the sound discretion of the trial court, *People v. Horne*, 619 P.2d 53 (Colo.1980), and a denial of the motion will not be overturned on appeal unless it is shown that the denial prejudiced a defendant. *People v. Johnson*, 192 Colo. 483, 560 P.2d 465 (1977). However, the purpose of severance is to promote a fair determination of the guilt or innocence of one or more defendants, *People v. Horne, supra*, and when joint prosecution would prevent a fair trial of one or more of the defendants, the trial court must grant a motion for severance. *People v. Gonzales*, 198 Colo. 450, 601 P.2d 1366 (1979); *Eder v. People*, 179 Colo. 122, 498 P.2d 945 (1972); *People v. Magoon*, 645 P.2d 286 (Colo.App.1982).

■ Severance is mandatory only if "there is material evidence, not relating to reputation, which is admissible against one [co-defendant] but which is not admissible against [the other] ... [and] which is prejudicial to [the defendant as to whom it is not admissible] ...." Section 16–7–101, C.R.S. (1978 Repl.Vol. 8).

■ In *People v. Gonzales, supra*, the *ABA, Standards on Criminal Justice*, Standard 13–3.2 (1978) was approved. That standard offers guidelines in the exercise of the court's discretion when severance is not mandated. The trial court is

directed to consider whether, in view of the number of offenses and the complexity of the evidence, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense and as to each defendant.

In *Gonzales,* the court also cited, as further criteria, its decision in *People v. Maestas,* 183 Colo. 378, 517 P.2d 461 (1973), in which the trial court was directed to consider whether evidence inadmissible against one defendant will be improperly considered despite a limiting instruction, and whether the defendants' defenses would be antagonistic.

Here, defendant and her husband were both charged with felony child abuse, and defendant was also charged with manslaughter. There was no conspiracy charge. The People proceeded against them on different theories: that the defendant had committed specific acts of mistreatment against the child, while the husband was aware of the mistreatment but did nothing to intervene.

The husband did not testify, but his statements were introduced which indicated that he had observed defendant handling the baby roughly. These statements tended to establish his guilt by showing his inaction in response to acts of child abuse. However, they also constituted strong evidence of the guilt of defendant, although the evidence would not have been admissible against her if she had been tried separately. Other statements of the husband were introduced which indicated that he did not spend much time with the baby. These statements, while they tended to inculpate him, also necessarily implied that any injuries sustained by the child were inflicted by the defendant.

Defendant could not cross-examine her husband regarding these statements because he did not take the stand. Thus, in contravention of the Sixth and Fourteenth Amendments, she was denied an opportunity to confront a witness against her. *Eder v. People, supra.*

We also note that there was evidence that defendant and her husband disagreed over the use of peremptory challenges.

Thus, considering all the circumstances, we conclude that the trial court abused its discretion in denying defendant's motion for severance. Accordingly, the convictions are reversed, and the cause is remanded for a new trial.

VAN CISE and METZGER, JJ., concur.