The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Stephen G. **RESTER**, Defendant–Appellant.

No. 99CA2245.

Colorado Court of Appeals.

Feb. 15, 2001.

Certiorari Denied Nov. 27, 2001.

Ken Salazar, Attorney General, Lauren A. Edelstein, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Robin K. Auld, Pagosa Springs, CO, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Stephen Rester, appeals from the judgment of conviction entered on a jury verdict finding him guilty of one count of intimidating a victim, three counts of violating bond conditions, and three counts of violating a restraining order. We affirm.

On or about August 4, 1998, defendant was arrested and charged with third degree assault after he allegedly struck his wife, and he was later additionally charged with one count of harassment in connection with this incident. Defendant was released from cus-

tody on bond. A condition of that bond was that defendant have no contact with his wife.

At the advisement hearing, the trial court issued a restraining order prohibiting defendant from contacting or communicating with his wife. The court ordered that the conditions of bond were also incorporated into the restraining order.

Subsequently, additional charges were filed against defendant for acts related to contact with his wife that occurred between August 10 and November 15, 1998. He was charged with three counts of violation of a restraining order, three counts of violation of bond conditions, and two counts of intimidating a victim.

All ten charges against defendant were combined into one trial. The jury returned a verdict of not guilty on the assault and harassment charges, but defendant was found guilty of three counts of violating the restraining order, three counts of violating bond conditions, and one of the two counts of intimidation of a victim. Specifically, the jury found him guilty of an intimidation charge related to an incident in which he called his wife's daughter and indicated that he would take it as a "personal threat" if his wife were to return from California to testify against him. This appeal followed.

### I.

■ Defendant first claims his conviction for intimidating a victim is unsupportable, as a matter of law, because the jury found him not guilty of assault and harassment. Defendant reasons that a fundamental element of the intimidation of a victim charge was eliminated by his acquittals on the assault and harassment charges, because there was no "victim to a crime." We disagree.

In accordance with the statutory definition and the pattern jury instruction, the jury was instructed that the elements of the crime of intimidating a victim were: 1) that the defendant; 2) in the State of Colorado, at or about the date and place charged; 3) by use of a threat; 4) to any person; 5) which threat was directed to; 6) *a victim to a crime;* 7) intentionally; 8) attempted to influence the victim to unlawfully withhold any testimony or attempted to induce the victim to absent herself from an official proceeding to which she had been legally summoned. *See* § 18–8–704(1), C.R.S.2000; *COLJI–Crim.* No. 25:16 (1993 Supp.). "Victim" was further defined in another instruction as "any natural person against whom any crime has been perpetrated or attempted, as crime is defined under the laws of this State or of the United States." *See* § 18–8–702, C.R.S.2000.

In essence, defendant contends that, based on the instructions given to the jury, he could only be found guilty of intimidating a victim if the jury found there was a victim to the crime. His argument continues that, because the jury found that there was no predicate crime, by acquitting him of the assault and harassment charges the key element of "a victim to a crime" was eliminated and, as such, his conviction of intimidating a victim was not sustainable. *See People v. Rodriguez,* 914 P.2d 230 (Colo.1996) (a person cannot be convicted of a crime unless all the elements of that crime are proven beyond a reasonable doubt).

■ To the contrary, there is nothing in either the applicable statutes or the corresponding instructions requiring that the person being intimidated be the victim of a crime resulting in a conviction. *See* §§ 18–8–704(1) and 18–8–702. Furthermore, the intimidation of a victim charge is unrelated to and independent of any underlying charge.

The jury was only required to find that the victim, in this case defendant's wife, was the victim of any crime. It therefore does not necessarily follow that, because the jury acquitted defendant of assault and harassment, it could not find that the wife was a victim of a different or unrelated crime.

For example, the jury found defendant guilty of violating the restraining order and of violating bond conditions. *See* §§ 18–6–803.5 and 18–8–212, C.R.S.2000. The wife was the named victim in the restraining order and bond violation counts, and the evidence indicates that she was the victim of these crimes committed by defendant.

As such, we are not persuaded by defendant's contention that the jury found no predicate crime for which the wife was a

victim, or that his conviction for intimidating a victim is unsupportable as a matter of law. *See People v. Frye,* 898 P.2d 559 (Colo.1995) (factually inconsistent verdicts of guilt and acquittal are not prohibited and do not constitute grounds for reversal).

## II.

■ Defendant also claims, for the first time on appeal, that he was denied due process when he was not advised that violating the terms of the bond could subject him to additional criminal charges pursuant to § 18–8–212, C.R.S.2000. Specifically, he maintains that, because he was not advised that violating his bond conditions could constitute a separate criminal offense entailing a mandatory sentence of imprisonment, he received "unconstitutionally insufficient notice ... of the consequences of his conduct with respect to the bond." We disagree.

Defendant does not direct us to any authority requiring that he be specifically advised that violating his conditions of bond would subject him to criminal charges. Furthermore, such advisement is not required by Crim. P. 5, which governs advisements to defendants.

■ Criminal conduct is circumscribed by penal statutes and, assuming that the statute is not unconstitutionally vague, *see People v. Buckallew,* 848 P.2d 904 (Colo. 1993), the public is deemed to have constructive notice of the criminality of the proscribed conduct. *People v. Holmes,* 959 P.2d 406, 414 (Colo.1998) ("[b]ased on the notion that the law is definite and knowable, the common law presumed that every person knew the law"). When a statute imposes criminal liability for certain conduct, the scienter element requires "no more than that the person charged with the duty knows what he is doing. It does not mean that, in addition, he must suppose that he is breaking the law." *People v. Holmes, supra,* 959 P.2d at 414.

Because there is no requirement that defendant be advised that violating a bond condition is a crime, and because defendant is deemed to have constructive notice of the penal statutes, we conclude that defendant's due process rights were not violated here.

## III.

■ Finally, defendant contends that the trial court erred in instructing the jury on the definition of "unlawfully" as that term is used in the instruction on intimidating a victim. We find no abuse of discretion.

The jury was instructed that an element of intimidating a victim was that defendant attempted to influence the victim to "unlawfully" withhold any testimony or attempted to induce the victim to absent herself from an official proceeding to which she had been legally summoned. A separate instruction, tendered by the prosecution, indicated that the term "unlawfully" referred only to:

the time when the testimony is to be actually withheld, not to the time of the contact. That is, there is no requirement under the law that the victim is under legal summons or subpoena at the time the contact is made.

The court accepted this instruction, over defendant's objection, determining that it followed the holding of *People v. Proctor,* 194 Colo. 172, 570 P.2d 540 (1977), and ruling that providing the jury with the definition of "unlawfully" was required to clarify the instruction.

Defendant argues that, because the pattern jury instruction on intimidating a victim was promulgated *after* the decision in *People v. Proctor, supra,* and because the pattern jury instruction, *COLJI Crim.* No. 25–16, does not incorporate a definition of "unlawfully," the Colorado Supreme Court has determined that such a definition was not required. Defendant points out that the pattern jury instruction comments specifically indicate that the instruction is based on *People v. Proctor* and, additionally, that the comment requires that "official proceeding" and "victim" be defined, but does not require that "unlawfully" be defined.

We disagree with defendant's contention that because the pattern jury instruction fails to require a definition for "unlawfully," that the Colorado Supreme Court has determined that such a definition cannot be used.

Pattern jury instructions, and the accompanying comments, are intended as guidelines. *People v. Galimanis*, 944 P.2d 626 (Colo.App.1997). While those instructions and comments carry weight and should be considered by a trial court, an opinion of an appellate court is clearly controlling. *People v. Armstrong*, 720 P.2d 165 (Colo. 1986).

In *People v. Proctor, supra*, the court rejected the defendant's argument that because the witness was not subpoenaed at the time of the defendant's contact with him, influencing him to withhold testimony could not be unlawful. The *Proctor* court held that whether the potential witness had been subpoenaed at the time of the contact was irrelevant and that "[i]t is clear that 'unlawfully' refers to the time when the testimony is to be actually withheld, not to the time of the contact." *People v. Proctor, supra*, 570 P.2d at 541.

Thus, under the facts of this case, we conclude that the jury instruction defining "unlawfully" conformed to the law and was necessary to clarify that the victim did not have to be under a legal subpoena at the time defendant threatened her. As such, the trial court properly exercised its discretion in giving the instruction. *See People v. Gilbert*, 12 P.3d 331 (Colo.App.2000) (whether additional written jury instructions may be given which properly state the law and fairly and adequately cover issues presented is a matter committed to the sound discretion of the trial court).

Judgment affirmed.

MARQUEZ and NIETO, JJ., concur.