## No. 18,499.

MORRIS LEE *v.* PEOPLE OF THE STATE OF COLORADO.

(326 P. [2d] 660)

Decided June 9, 1958.

Mr. MORRIS LEE, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as defendant, was accused of the crime of larceny of a Winchester carbine of the value of $69.00 from Sears Roebuck and

Company. He entered a plea of not guilty and the court appointed counsel to represent him.

The cause was tried to a jury which returned a verdict finding defendant guilty and fixing the value of the property taken at $60.00. Motion for new trial was overruled and judgment pronounced under which defendant was sentenced to a term of not less than seven nor more than ten years in the Colorado State penitentiary.

The only point urged by defendant as grounds for reversal is that the manager of Sears Roebuck and Company testified that the actual cost of the gun to the store was $44.05, and defendant argues, " * * * that the only correct value which could be placed upon the gun in question was the cost price, $44.05, and no other." He further argues that under C.R.S. '53, 40-5-2, he could not be found guilty of grand larceny in that the value of the property stolen could not exceed $44.05.

The Bill of Exceptions before us contains the testimony of only one witness, namely, Fred M. Kettering, Division Manager of the Sporting Goods Department of Sears Roebuck and Company in Pueblo, Colorado. Seven witnesses for the people were endorsed on the Information and it is obvious that testimony other than that of Mr. Kettering was given upon the trial. The certification of the official shorthand reporter is to the effect that she took the shorthand notes of the testimony offered in the trial court and that, " * * * thereafter I personally transcribed my said shorthand notes of the testimony of Fred M. Kettering and that the foregoing is a true, correct, and complete transcript of the testimony of Fred M. Kettering in the trial of said cause." The document is labeled:

"EXCERPT — TESTIMONY OF
FRED M. KETTERING"

The purported Bill of Exceptions was not approved by the judge of the court or settled in any manner as required by our rules. It would be strange indeed if reversal of a judgment could be brought about by

incorporating in the record the testimony of only one witness in a trial. The burden is upon the party claiming error was committed to establish from the whole record that a judgment cannot be upheld under the applicable law. However, it affirmatively appears from the testimony of the one witness whose evidence is brought before us, that there was competent evidence to sustain the jury's finding on the question of value. Mr. Kettering testified that the gun which was taken had a fair market value of $60.00 on the date of the alleged theft, and that the retail price asked by Sears Roebuck and Company was $69.00. Thus it appears upon the showing made by defendant that there was ample competent evidence to support the verdict of the jury on the question of value.

Other reasons appear on the face of the record which would justify us in dismissing the writ of error; however we have elected to determine the same upon the showing made and find it wholly lacking in merit.

Accordingly the judgment is affirmed.

MR. CHIEF JUSTICE HOLLAND not participating.