No. 22687.

NATHANIEL JONES *v*. THE PEOPLE OF THE STATE OF
COLORADO.
(445 P.2d 889)

Decided October 21, 1968.

154

BRENMAN, CIANCIO, ROSSMAN & BAUM, MELVIN ROSS-MAN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT L. HOECKER, Assistant, PAUL RUBNER, Assistant, for defendant in error.

*In.Department.*

Opinion by Mr. Justice Pringle.

The plaintiff in error, Nathaniel Jones, was acquitted by a jury of burglary but found guilty of larceny. He brings this writ of error to a judgment sentencing him to serve four to ten years in the penitentiary. Jones contends (1) that the evidence introduced by the People was the product of an unlawful arrest, search and seizure; (2) that the jury should have been permitted to determine the lawfulness of the search and seizure; and (3) that the verdicts are inconsistent and therefore void. We do not agree and therefore affirm the judgment of the trial court.

I.

██ Jones' contention that the evidence introduced by the People was the product of an unlawful arrest, search and seizure is predicated partly on the fact that he was searched prior to his formal arrest. In *Lavato v. People,* 159 Colo. 223, 411 P.2d 328, we pointed out, however, that it is insignificant whether the search precedes or follows the formal arrest procedure. See also *Holt v. Simoson,* 340 F.2d 853. The controlling factors are whether the officers have reasonable grounds before the search to make the arrest, and whether the search and seizure incident thereto are justified under the rules laid down in *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996.

██ To determine whether there were reasonable grounds to make the arrest, under the principles set forth in *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236, we must review the record. It discloses that on January 6, 1966, at about 12:15 A.M., two foot patrolmen heard a burglar alarm begin to ring one-half block away from them. They went to the scene of the alarm and there found a display window broken at a pawn shop. Two other officers in a car responded to their call, and were given information from bystanders that the suspect was· a Negro male about six feet tall and about thirty

years old, and that he "usually headed up toward twentieth street" through the alleys. The officers in the car then drove into a nearby alley, and at its far end saw a man step behind a telephone pole. The man fit the description given them by the foot patrolmen. The officers approached, requested identification, noticed a bulge under the man's sweater, and lifted the sweater. There the officers found the watches and rings which had been taken from the pawn shop window and which were the subject of the suppression motion at the trial. They thereupon arrested the man, who was in fact Jones. The confrontation in the alley took place within fifteen minutes after the alarm was triggered. Applying the tests set out in *Gonzales v. People, supra*, to the situation here, we conclude that probable cause existed for arrest before the search was made. The search was reasonable under the principles announced in *Hernandez v. People, supra*, and *Lavato v. People, supra*, and the court did not err in receiving the watches and rings in evidence.

Neither *Wilson v. People*, 156 Colo. 243, 398 P.2d 35, nor *Gallegos v. People*, 157 Colo. 173, 401 P.2d 613. cited by Jones, are in point. In the former case, police searched Wilson's apartment without a warrant, and without reasonable grounds for arrest, found narcotics, and then arrested him because they had found the narcotics. In the latter case, police had no knowledge a crime had been committed when they searched Gallegos after challenging him in an alley. The facts in both cases are significantly different from those in the instant case.

II.

 Jones also contends that because in Colorado the jury is permitted finally to decide whether a confession is voluntary, it should also be permitted to decide whether an arrest, and the search and seizure incident thereto are lawful. The rule of *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, permits, but does not in any wise require, that the question

of the voluntariness of a confession be submitted to the jury as well as to the court. *Lauderdale v. People,* 162 Colo. 36, 424 P.2d 373. By analogy, there is no constitutional requirement that the question of the lawfulness of the search and seizure be submitted to a jury. It remains a question of law which must be determined by the trial judge and, in this state, by the trial judge only.

### III.

■ Relying heavily on *Robles v. People,* 160 Colo. 297, 417 P.2d 232, Jones contends that the verdicts cannot stand because they are inconsistent. We do not agree. After an extensive discussion of the question of inconsistent verdicts, this Court in *Maisel v. People,* 166 Colo. 161, 442 P.2d 399, affirmed a judgment entered on a verdict of guilty of larceny, even though the defendant had been acquitted of burglary. There was conflicting evidence in that case regarding which of two men had committed the burglary. Presumably on the basis of that conflict of evidence, and on the basis of evidence that Maisel left the stolen articles with a third party, the jury acquitted him of burglary but convicted him of larceny. After analyzing the record, we concluded that the verdicts were not necessarily inconsistent.

In the present case the People offered unrebutted evidence that a burglary had been committed, and that the watches and rings found on Jones were the articles stolen. Fingerprints were not taken at the scene of the burglary. We have examined the reporter's transcript and find that the only evidence additional to the possession of the stolen articles tending to connect Jones to the commission of the burglary was the hearsay description given to the officers by bystanders. After considering all the testimony and the dissimilarity of the elements of the two crimes, the jury could properly have found that the People failed to prove that Jones was guilty of the breaking with intent to commit a crime,

yet convict him of the taking of the articles found on him.

Under the circumstances of this case, we cannot say that the verdicts are inconsistent. See *Scott v. People,* 166 Colo. 432, 444 P.2d 388, and *Maisel v. People, supra.*

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.