## No. 24383.

Calvin Renfrow *v*. The People of the State of Colorado.

(489 P.2d 582)

Decided October 12, 1971.     Rehearing denied November 1, 1971.

ROLLIE R. ROGERS, State Public Defender, WILLIAM J. CHISHOLM, Public Defender in and for the City and County of Denver, THOMAS M. VAN CLEVE, Deputy State Public Defender, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLY, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

DEFENDANT Renfrow was charged with burglary and theft as defined in 1967 Perm. Supp., C.R.S. 1963, 40-3-5 and 40-5-2, respectively. After a jury trial he was found not guilty of burglary but guilty of theft. The defendant was sentenced to a term in the state penitentiary. We do not agree with either of the two contentions for reversal advanced by the defendant in support of his writ of error. We therefore affirm the judgment of the trial court.

At approximately 3:10 a.m. on February 23, 1969, the defendant was arrested after the automobile he was driving collided with a signpost in downtown Denver. While investigating the accident, the police discovered

several suits of men's clothing lying on the floor of the back seat of the automobile. This clothing was identified as having been taken a short time earlier in a burglary at a men's clothing store.

I.

■ The first contention presented by defendant is that the trial court committed reversible error in submitting the following instruction to the jury:

"The law presumes the defendant to be innocent, and this presumption continues until overthrown by evidence sufficient to exclude all reasonable doubt of his guilt. This rule of law which clothes every person accused of crime with a presumption of innocence, and imposes upon the People the burden of establishing his guilt beyond a reasonable doubt, is not intended to aid anyone who is in fact guilty of crime, to escape, but is a humane provision of the law, intended, so far as human agencies can, to guard against the danger of an innocent person being unjustly punished."

It will be noted that this instruction is identical to the one recently disapproved of by this Court in *Martinez v. People*, 172 Colo. 82, 470 P.2d 26 (1970). In that case this Court reviewed the history of this instruction and stated:

"* * * This is a stock instruction which has been used by the courts for years, and because of its long history we would not hold that the giving of the instruction was reversible error. Nevertheless the instruction is not a good statement of the law and the giving of it has fallen into disrepute in other courts."

In *Martinez* it was held that this instruction required rewording before it is used in future cases. The instruction in the case presently before us was given prior to the decision in *Martinez*, which is to be given prospective effect only. Therefore, we hold that the giving of this instruction in the instant case is not reversible error.

II.

■ Defendant's second argument for reversal is that

the verdict of not guilty of second-degree burglary is inconsistent with the verdict of guilty of theft. Defendant argues that the only evidence from which the jury could have found him guilty of theft was the same evidence on which they found him not guilty of second-degree burglary, and that, therefore, the evidence was insufficient to support the verdict of guilty of theft. Defendant relies entirely upon our decision in *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966) to sustain his contention. In *Robles* the defendant was charged with aggravated robbery and conspiracy to commit aggravated robbery. The jury found him innocent of the first charge but convicted him of the second. This Court held that in the circumstances of that case, where the very same evidence which the jury did not believe was sufficient to prove that the defendant participated in the robbery was the *only* evidence which could prove him guilty of conspiracy, the conspiracy verdict could not stand.

Two subsequent cases have considered *Robles* in the situation where the defendant was found not guilty of burglary but guilty of larceny, and have declared that there is no inconsistency in the verdicts. *Jones v. People,* 167 Colo. 153, 445 P.2d 889 (1968); *Maisel v. People,* 166 Colo. 161, 442 P.2d 399 (1968). In each of these cases evidence linking the defendant with the burglary was conflicting or was rebutted; however, the evidence clearly established that the defendant in each case was in possession of property recently taken in a burglary. In each case it was held that there was evidence to sustain a conviction of larceny and that the verdicts were not inconsistent as being irreconcilable with the evidence of each case.

In the instant case there was no evidence to link the defendant with the burglary at the men's clothing store, except his possession, shortly after the burglary occurred, of the stolen items of clothing. In his testimony the defendant denied any implication in the burglary. He stated that when he acquired possession of the auto he was

driving, the stolen clothes were in it. Therefore, the jury could have well believed that the evidence linking defendant with the burglary was too weak to convict, but that the evidence of theft was ample. In defining the crime of theft, 1967 Perm. Supp., C.R.S. 1963, 40-5-2, states that "[a]ny person commits theft when he knowingly: * * * (b) (i) obtains or exerts unauthorized control over anything of value of another." The jury was therefore fully warranted in finding that the defendant did knowingly exert unauthorized control over the property of another and thereby committed theft as defined in the statute.

We therefore hold that the verdicts in this case are not inconsistent and that the facts and the status of the evidence which underlie the ruling in *Robles* are completely dissimilar to the facts and status of the evidence in this case.

The judgment is affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.