## No. 25599

## The People of the State of Colorado v.
## David Hill Mayfield
(520 P.2d 748)

Decided April 8, 1974.

400

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant-Appellant David Hill Mayfield was charged with assault with intent to murder (count one); conspiracy to commit murder (count two); assault against a peace officer with a deadly weapon (count three); and conspiracy to assault a peace officer with a deadly weapon (count four). After trial to a jury, Mayfield was acquitted of the first two counts, convicted of the latter two, and subsequently sentenced to the penitentiary. He brings this appeal pursuant to that conviction, contending that (1) the evidence was insufficient to sustain a conviction for assault upon the person of a police officer; (2) the trial court abused its discretion in denying defendant's motion to require the prosecution to elect between the two substantive counts; (3) the trial court erred in failing to grant defendant's motion for a new trial since the verdicts of not guilty on "assault with intent to murder" and guilty of "assault on a peace officer with a deadly weapon" were inconsistent. We affirm.

I.

We deal first with Mayfield's contention that since the testimony reveals shotgun blasts were fired at the police *car* there was insufficient evidence to prove that the assault was with intent to produce great bodily injury *upon the person* of a peace officer as required by 1967 Perm. Supp., C.R.S. 1963, 40-7-54.

We note the general rule that when a defendant has claimed the evidence in the trial court was insufficient upon which to base a conviction, an appellate court must view the evidence in the light most favorable to the People. *People v. Focht,* 180 Colo. 259, 504 P.2d 1096; *People v. Vigil,* 180 Colo. 104, 502 P.2d 418.

Viewed in this context, the record indicates that in the early morning of March 6, 1971, Jesse Brezzel, a Denver police officer, commenced routine patrol duties in a marked police car. He saw three men run out of an alley toward his car. One of the men, carrying a shotgun, fired one shot,

striking the car's grill. After the shot was fired, Officer Brezzel accelerated and as he went past the man, two more shots were fired, both striking the car. A fourth shotgun blast was then fired at the rear of the car. After Brezzel radioed for help, another officer found the defendant hiding under a tree with a shotgun which had recently been fired. At the trial, Officer Brezzel identified the defendant as the person who fired the shots.

C.R.S. 1963, 40-2-33 provides that "[a]n assault is an unlawful attempt coupled with a present ability to commit a violent injury on the person of another." Under the circumstances revealed by the record, the evidence clearly established the elements of assault. In response to the issue of sufficiency of evidence of assault on the *person* of a peace officer, we bear in mind that while examining the facts of a particular case, this Court must assume that the jury adopted the evidence, or any reasonable inferences therefrom, which support the verdict. *People v. Naranjo,* 181 Colo. 273, 509 P.2d 1235.

The record supports a reasonable inference that the assault was directed at Officer Brezzel and that the attempt failed because the defendant's aim was bad. If we follow defendant's argument to its logical conclusion, only if Officer Brezzel was actually hit would the evidence have been sufficient to prove assault on the person of a peace officer. However, it is not necessary that the defendant's attempt be successful for there to be sufficient evidence to convict. *See People v. Focht, supra; People v. Olinger,* 180 Colo. 58, 502 P.2d 79; *People v. Prante,* 177 Colo. 243, 493 P.2d 1083.

## II.

Mayfield next contends that the trial court should have required the prosecution to elect between the two substantive offenses because the same acts constituted the evidence of "assault with intent to murder" and "assault with a deadly weapon on a peace officer."

Generally, the matter of election is within the sound discretion of the trial court. Crim. P. 14; *Small v. People;* 173 Colo. 304, 479 P.2d 386; *Ruark v. People,* 158

Colo. 287, 406 P.2d 91. Here the elements of the two crimes differed, while arising out of the same transaction, and the evidence presented went to both counts of assault. Since the jury acquitted defendant of "assault with intent to murder," we perceive no prejudice to the defendant. *See Gonzales v. People,* 168 Colo. 545, 452 P.2d 46.

III.

The defendant also maintains that because the same evidence was offered to prove the two crimes the verdicts of not guilty of "assault with intent to murder" and guilty of "assault with a deadly weapon on a peace officer" were inconsistent and the trial court should have granted his motion for new trial.

Defendant bases this argument on *Robles v. People,* 160 Colo. 297, 417 P.2d 232, in which Robles had been acquitted of the substantive offense but convicted of conspiracy. *Robles* was based on the rationale that the only evidence which could prove the defendant guilty of conspiracy had to be the evidence which the jury had to disbelieve in order to acquit the defendant of robbery. It had nothing to do with a situation where the two crimes charged required different elements of proof, and the jury could, as here, find from the very same evidence that the element of one crime was present while at the same time finding that the element of another charged crime was absent. *See,* e.g., *People v. Rivera,* 178 Colo. 373, 497 P.2d 990, *Renfrow v. People,* 176 Colo. 160, 489 P.2d 582; *Armstead v. People,* 168 Colo. 485, 452 P.2d 8. The verdicts were not inconsistent.

The judgment is affirmed.

MR. JUSTICE DAY does not participate.