541 P.2d 320 (1975)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Theodore PATRICK, Jr., Defendant-Appellant.
No. 74-444.
Colorado Court of Appeals, Div. I.
July 29, 1975.
Rehearing Denied August 19, 1975.
Certiorari Denied November 3, 1975.
*321 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., John R. Rodman, Asst. Atty. Gen., Denver, for plaintiff-appellee.
David J. Hahn, Harvey P. Wallace, Denver, for defendant-appellant.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Defendant, Theodore Patrick, Jr., was charged with second degree kidnapping, in violation of § 18-3-302, C.R.S.1973; false imprisonment, in violation of § 18-3-303, C.R.S.1973; and conspiracy, in violation of § 18-2-201, C.R.S.1973. He was found guilty only of false imprisonment following a jury trial. He appeals from the judgment entered on that verdict. We affirm.
The record, as designated by defendant and submitted to this court, contains only a partial transcript of the evidence taken at the trial. It includes the testimony of only two witnesses  one a defense witness, and the other a rebuttal witness for the people, one of nine endorsed on the information. From that record it appears that the events which led to the prosecution of this action took place in the summer of 1973. At that time, defendant was contacted by a group of parents who believed their daughters were members of a "dangerous religious cult," and, at a meeting with the parents on July 16, 1973, defendant agreed to "deprogram" the women. Later defendant came to Denver and, as a result of arrangements made by the parents previously, on August 23, 1973, drove one of the parents' cars to the parking lot of a medical center in Denver, where Dena Thomas (age 21) worked. While Dena Thomas and Kathy Markis (age 23) were attempting to drive out of the parking lot in their automobile, defendant effectively blocked their exit with the car he was driving. This made it possible for Dena's father, (who had been chasing the women's car on foot) to unlock the door of the women's car, and, together with Kathy's father, to push their way into the car and drive the women away without their consent. The young women were driven to Eldorado Springs, Colorado, where they were detained for two days, while defendant undertook his "deprogramming" procedure.
Defendant urges four grounds of error in this appeal. We find no merit in any of the contentions. We note at the outset that: "The burden is upon the party claiming error was committed to establish from the whole record that a judgment cannot be upheld under the applicable law." Lee v. People, 137 Colo. 465, 326 P.2d 660. Defendant has failed to meet this burden. For, as also stated in Lee, supra, "It would be strange indeed if reversal of a judgment could be brought about by incorporating in the record the testimony of only one witness [or two] in a trial."

I.
Defendant first contends that the trial court committed reversible error by instructing the jury on both conspiracy and *322 complicity. He urges that the jury's verdict (not guilty of conspiracy; guilty of false imprisonment) was legally inconsistent since, he argues, conspiracy and complicity are "so similar as to be indistinguishable."
This contention was disposed of in Goddard v. People, 172 Colo. 498, 474 P.2d 210, wherein it is said:
"We cannot agree that the defendant is being tried for what is really one offense. The essence of the crime of conspiracy is the illegal agreement or combination. People v. Bradley, 169 Colo. 262, 455 P.2d 199. The essence of the accessory statute establishing guilt equal to that of a principal is to punish for participation in the criminal act. This court has consistently held that the conspiracy and the crime which is the object of the conspiracy are different and distinct offenses. Pooley v. People, 164 Colo. 484, 436 P.2d 118."
Similarly, conspiracy is a distinct offense from complicity. Compare § 18-1-603, C. R.S.1973 with § 18-2-201, C.R.S.1973. The conspiracy statute contains an element not found in the complicity statute, namely the agreement with another to engage in conduct which constitutes a crime or agreeing to aid another in the planning or commission of a crime.
Robles v. People, 160 Colo. 297, 417 P.2d 232, relied on by defendant, is not applicable here because the record discloses that the evidence which would establish guilt or innocence on the conspiracy charge was not the same evidence as that on which the jury could base its verdict on false imprisonment. Here there was additional evidence that the defendant did not enter a prior agreement to engage in the acts constituting the crimes charged, or agree to aid therein, which, if believed by the jury, would serve to justify its acquitting defendant on that charge. Under these circumstances the verdicts are not inconsistent. See People v. Garner, Colo., 530 P.2d 496, and Renfrow v. People, 176 Colo. 160, 489 P.2d 582. Since evidence was offered to support the People's theory that defendant was involved as a complicitor to the alleged kidnapping, it was not error to give the complicity instruction. See Romero v. People, 181 Colo. 305, 509 P.2d 301.

II.
Defendant also contends that he had established a defense of justification and that therefore the trial court erred in refusing to give an instruction on the "choice of evils" defense. This contention is without merit for two reasons.
First, for the "choice of evils" defense to be available there must be an imminent public or private injury about to occur which requires emergency action. See § 18-1-702(1), C.R.S.1973. Here, there was no evidence of such a situation, and where a tendered instruction is unsupported by the evidence, it is properly refused. People v. Medina, Colo., 522 P.2d 1233.
Further, § 18-1-702(2), C.R.S. 1973, requires that, before defendant's evidence relating to justification is submitted to the jury, "the court shall first rule as a matter of law whether the claimed facts and circumstances would, if established, constitute a justification." During the trial, at an in camera hearing, the court advised defense counsel that before he sought to introduce evidence of justification he would have to obtain the statutory ruling. Counsel stated he did not want such a ruling at that time, and never requested the ruling thereafter, and none was made. Therefore, the matter could not properly be presented to the jury. "[A] party may not complain where he has been the instrument for injecting error in a case; he is expected to abide the consequences of his acts." People v. Schackelford, 182 Colo. 48, 511 P.2d 19.

III.
Defendant next contends that the court erred in instructing the jury that *323 false imprisonment is a lesser included offense of the charge of second degree kidnapping. He bases this contention on the ground that the evidence does not support the instruction or the verdict. Because defendant did not object to the giving of the instruction complained of, as required by Crim.P. 30, we do not consider this argument on review. People v. Spinuzzi, Colo., 520 P.2d 1043. Furthermore, since we have only a partial transcript of the evidence, we must presume the evidence was sufficient to support the verdict. See Nunn v. People, 177 Colo. 87, 493 P.2d 6. In any event the giving of the instruction under the circumstances of this case, if error, was harmless. People v. Aragon, Colo., 525 P.2d 1134.

IV.
We do not consider defendant's final alleged error because the circumstances giving rise thereto are not covered by the abbreviated record before us. Pieramico v. People, 173 Colo. 276, 478 P.2d 304.
Judgment affirmed.
PIERCE and BERMAN, JJ., concur.