The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Velma Lee LINDSAY, Jr., Defendant-Appellant.

No. 80CA0460.

Colorado Court of Appeals, Div. III.

Aug. 6, 1981.

Rehearing Denied Aug. 27, 1981.

Certiorari Denied Nov. 16, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Morgan Rumler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Gerald E. Piper, Deputy State Public Defenders, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Velma Lee Lindsay, Jr., appeals his conviction of theft of a thing of

value worth over $200 in violation of 18–4–401 C.R.S.1973 (1978 Repl. Vol. 8). We affirm.

Lindsay was apprehended in the act of removing two suits from a department store without paying for them. The total shown on the price tags for the two suits was $205. The sole issue on appeal is whether the trial court erred by excluding evidence of the wholesale cost of the merchandise that was the subject of the theft. We conclude that, under the circumstances of this case, it was not.

Here, there is no indication from the evidence that the seller by custom bargained its labelled prices. If the thief had attempted to purchase the items on the date and at the place of the theft, he would have had to pay the stated retail price for the items, and he should not be allowed the benefit of any lesser value than a purchaser would have had. *See Maisel v. People*, 166 Colo. 161, 442 P.2d 399 (1968).

In the process of the retailer's function of moving goods to the consuming public, the market value of retail goods is enhanced. An article in a retail outlet has a value significantly different from that which it had in the hands of the wholesaler. Retail price therefore is the better evidence of value. *People v. Irrizari*, 5 N.Y.2d 142, 182 N.Y.S.2d 361, 156 N.E.2d 69 (1959); *Maisel v. People, supra*. Once the retail price of allegedly stolen items from a retail outlet has been established, the wholesale price becomes irrelevant, and the defendant should not be allowed to submit such evidence. *Brown v. State*, 143 Ga.App. 678, 239 S.E.2d 556 (1977).

The defendant was given ample opportunity to attack the retail price as not representing true retail market value, but failed to make such a showing. The record contains sufficient competent evidence to support the jury's verdict on the question of value. *Lee v. People*, 137 Colo. 465, 326 P.2d 660 (1958).

The judgment is affirmed.

ENOCH, C. J., and SMITH, J., concur.