**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Eddie GREGORY, Defendant-Appellant.**

**No. 82CA0930.**

Colorado Court of Appeals, Div. I.

June 28, 1984.

Rehearing Denied July 19, 1984.

Certiorari Denied Nov. 26, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Valerie J. McNevin-Petersen, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Gerald E. Piper, Rachel A. Bellis, Deputy State Public Defenders, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Eddie Gregory, and co-defendant, Leo Lucero, were charged with the murder of Bernie Martinez, and also charged with the second degree assault upon Paul Archuleta, Jr., and conspiracy to commit both of the crimes.

Prior to trial, defendant filed and the court denied motions requesting severance of the charges and of the trial. Following a jury trial, defendant was found guilty of first degree murder, second degree assault, and conspiracy to commit second degree assault. He was sentenced to a term of life imprisonment for the first degree murder conviction, eight years for the second degree assault conviction, and four years for the conspiracy conviction, all to be served concurrently. Defendant appeals, and we affirm.

Defendant and co-defendant were step-brothers. The second degree assault charge resulted from a barroom fight on the evening of December 12, 1981, in which Archuleta, who had feuded with the co-defendant for several years, was stabbed. The murder charge was based on the stabbing death of Martinez, Archuleta's step-brother, which occurred the following morning.

## I.

Defendant first contends that the trial court erred in not severing the counts of second degree assault and first degree murder because the offenses were committed in different locations, more than ten hours apart, and involved different victims. There was no error.

Crim.P. 14 provides, in pertinent·part: "If it appears that a defendant ... is prejudiced by a joinder of offenses ... the court may order an election or separate trials of counts ...."

A ruling on a motion to sever counts is within the sound discretion of the trial court and will not be disturbed on appeal unless an abuse of that discretion has been shown. *People v. Pickett*, 194 Colo. 178, 571 P.2d 1078 (1977).

Defendant does not allege, nor does he demonstrate, that he was prejudiced by the trial court's refusal to sever the counts. Indeed, he concedes that had the offenses been tried separately, the People would have been able to introduce evidence of the assault at the homicide trial.

## II.

The defendant next contends that the trial court erred in denying his motion for severance of defendants. Again, we disagree.

A motion for severance of defendants, like a motion to sever counts, is addressed to the sound discretion of the trial court. *People v. Horne*, 619 P.2d 53 (Colo. 1980). To establish abuse of discretion, more is required than a showing that separate trials might afford a better chance of acquittal. *United States v. Rogers*, 652 F.2d 972 (10th Cir.1981). There must be actual prejudice to the defendant and not just differences that are inherent in any trial of different offenses. *People v. Pickett, supra.*

Severance is mandatory only if "there is material evidence, not relating to reputation, which is admissible against one [co-defendant] but which is not admissible against [the other] ... [and] which is prejudicial to [the defendant as to whom it is not admissible] ...." Section 16-7-101, C.R.S. (1978 Repl.Vol. 8). While he does not argue that severance was mandatory, defendant contends that the court, in its discretion, should have granted his severance motion.

In *People v. Gonzales*, 198 Colo. 450, 601 P.2d 1366 (1979), the *ABA, Standards on Criminal Justice*, Standard 13-3.2 (1978), was approved. That standard offers guidelines for the exercise of the court's discretion where, as here, severance is not mandated. The trial court is directed to consider whether, in view of the number of offenses and the complexity of the evidence, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense and as to each defendant.

In *Gonzales*, the court also cited, as further criteria, its decision in *People v. Maestas*, 183 Colo. 378, 517 P.2d 461 (1973), in which the trial court was directed to consider whether evidence inadmissible against one defendant would improperly be considered despite a limiting instruction, and whether the defendants' defenses would be antagonistic. *See People v. Barela*, 689 P.2d 689 (Colo.App.1984).

■ We note initially that mutual participation of defendants in an offense is considered a logical basis for refusing to sever. *United States v. Jones*, 707 F.2d 1169 (10th Cir.1983). Here, the People alleged that defendant and co-defendant had participated in the same acts or series of acts arising from the same criminal episodes of assault and murder. *See* Crim.P. 8(b).

Defendant argues that his defense was antagonistic to that of his co-defendant because the theory of each defendant was that the other was armed, acted independently, and was solely responsible for the assault and homicide. He also alleges that the circumstantial evidence against the co-defendant was stronger.

■ The fact that the prosecution may have a stronger case against one defendant than against a co-defendant does not entitle the latter to a separate trial. *United States v. Dill*, 693 F.2d 1012 (10th Cir. 1982). Nor does the fact that a defendant may have an inconsistent defense necessarily entitle him to a separate trial. *United States v. Dill, supra*. In addition, neither defendant took the stand, nor presented any evidence whatsoever. *Cf. People v. Barela, supra*. The evidence was neither complex nor confusing.

■ Under the circumstances here, we conclude that the trial court did not abuse its discretion when it refused to grant defendant's motion for severance. *People v. Magoon*, 645 P.2d 286 (Colo.App.1982).

### III.

The defendant asserts that the trial court erred in denying his motion to continue the trial in order to secure the presence of an essential witness whose testimony would have been favorable to him, and then compounded the error by refusing to allow him to introduce the transcript of the witness' testimony at the preliminary hearing. We disagree.

■ Denial of a motion for continuance in a criminal proceeding is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse. *People v. Mann*, 646 P.2d 352 (Colo.1982). In reviewing such a decision, an appellate court must consider the totality of the circumstances surrounding the continuance request. *Miller v. People*, 178 Colo. 397, 497 P.2d 992 (1972); *People v. Dillon*, 633 P.2d 504 (Colo.App.1981).

The witness in question lived very close to the homicide scene, and apparently witnessed the murder through a window. When she could not be located prior to trial, defendant sought and obtained a one week continuance. The witness, who was reluctant to testify, still could not be found. The trial court refused to grant another

continuance. The People, who had earlier agreed to stipulate as to the witness' testimony at the preliminary hearing, then objected to introduction of the testimony, as did the co-defendant. The trial court did not permit the introduction of the testimony, primarily because of the co-defendant's objection.

Defendant contends that in denying his motion, the trial court abused its discretion because it precluded his attorney from presenting an adequate defense and denied him his constitutional right to a fair trial. In this regard he argues that the witness' testimony was crucial to his defense because it would have indicated that the co-defendant was the assailant, and would have contradicted two prosecution witnesses who testified that defendant was involved in the actual attack.

The transcript of the witness' testimony at the preliminary hearing does not support this argument. In fact, the witness indicated she could not identify either the assailant or the other man she saw standing over the victim. She did not see either man strike the victim.

Thus, considering the totality of the circumstances, we conclude it was not error for the trial court to refuse to grant defendant a second continuance, when it did not appear that the witness could be located, or that her testimony would be of significance to the defendant's defense.

The judgment is affirmed.

PIERCE and BABCOCK, JJ., concur.