**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Robin PAPPADIAKIS,**
**Defendant-Appellant.**

**No. 82CA1266.**

Colorado Court of Appeals,
Div. III.

Feb. 28, 1985.

Rehearing Denied April 4, 1985.

Certiorari Granted Sept. 9, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Diana L. DeGette, Duane M. Kline, III, Deputy State Public Defenders, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Robin Pappadiakis, appeals from the judgment of conviction entered on a jury verdict finding her guilty of theft over $10,000 and conspiracy to commit theft over $10,000. We affirm.

Defendant, along with co-defendants Robin Peltz and David Lindholm, was charged with burglary, conspiracy to commit burglary, theft over $10,000, and conspiracy to commit theft over $10,000 in connection with the burglary of a scuba supply shop on October 7, 1980. Based upon information provided to the Colorado Bureau of Investigation by Peltz' high school friend, James Scott Vest, defendant was arrested in June 1981.

Defendant and Peltz were tried jointly while Lindholm was tried separately. Both defendant and Peltz testified at their joint trial, and Vest was the key prosecution witness. Peltz was convicted of all four counts, and his conviction was affirmed by this court. *People v. Peltz,* 697 P.2d 766 (Colo.App.1984). Defendant was convicted only of theft and conspiracy to commit theft and was acquitted of burglary and conspiracy to commit burglary. Defendant was granted four years probation and was ordered to pay restitution to the owner of the burglarized shop.

## I.

Defendant first contends that the trial court erred in denying her motions for severance from co-defendant Peltz. We disagree.

The motion for severance of defendants is addressed to the sound discretion of the trial court, *People v. Horne,* 619 P.2d 53 (Colo.1980), and denial of severance will not be overturned absent a showing of prejudice to the defendant. *People v. Johnson,* 192 Colo. 483, 560 P.2d 465 (1977); *People v. Barela,* 689 P.2d 689 (Colo.App.1984). Severance is mandatory only if there is material evidence admissible against one but not all the parties and if admission of that evidence would be prejudicial to those parties against whom the evidence is not admissible. *People v. Gonzales,* 198 Colo. 450, 601 P.2d 1366 (1979); *People v. Peltz, supra; see* § 16–7–101, C.R.S. (1978 Repl.Vol. 8); Crim.P. 14.

■ Defendant argues that most of the testimony presented at trial was admissible only against Peltz, and that the jury may have disregarded the court's limiting instructions and mistakenly considered evidence concerning certain conversations admissible against Peltz but not against her. After a review of the record, we conclude that the conversations to which the defendant objects were not prejudicial to her, and mandatory severance was not required.

■ None of the conversations implicated or referred to defendant, and the court, prior to the testimony regarding each conversation, instructed the jury that the evidence was not to be considered against the defendant. There is a strong presumption that the jury followed the court's instructions, and we hold that the admonitory instructions given were sufficient to prevent the jury from applying the inadmissible evidence against defendant. *People v. Gonzales, supra.*

We also disagree with defendant's argument that, even if severance was not mandatory, the trial court abused its discretion in denying the severance motion.

■ The fact that there may be a stronger case against one defendant than against a co-defendant does not mandate a severance. *People v. Gregory*, 691 P.2d 357 (Colo.App.1984). In addition, since there was no indication that Peltz would have testified on behalf of the defendant, or that if he had testified that it would in any way be exculpatory on behalf of the defendant, the trial court did not err in refusing to grant severance. *See People v. Gable*, 647 P.2d 246 (Colo.App.1982).

■ Furthermore, defendant was not denied her right effectively to cross-examine Vest because of Peltz' presence. The scope and limits of cross-examination are within the sound discretion of the trial court, and unless the restriction of cross-examination is so severe as to constitute a denial of a defendant's right to confrontation, the rulings of the trial court will not be disturbed on review. *People v. Raffaelli*, 647 P.2d 230 (Colo.1982).

Here, defendant was able to elicit on the cross-examination of Vest that he was not afraid of anything that defendant might do to him, and that he and Peltz had been involved in a previous arson for which both had been convicted. Under these circumstances, we conclude that the trial court's limitation of the cross-examination of Vest did not prejudice defendant and was not error.

■ Finally, noting that both defendant and Peltz were identically charged, that the charges arose from a single criminal episode, and that both co-defendants asserted non-antagonistic defenses of general denial of participation, we hold that the trial court did not abuse its discretion in denying defendant's severance motion. *People v. Peltz, supra.*

## II.

We also disagree with defendant's next contention that the trial court erred in denying her motion for judgment of acquittal because the evidence presented to support her convictions of theft and conspiracy was insufficient.

At trial, the evidence presented included the testimony of the key prosecution witness, Vest. Vest testified that he had a conversation with Peltz following the burglary, in which Peltz explained how he broke into the scuba supply shop, how easy it was, and that defendant had participated as a lookout. Vest testified that although defendant was present, she did not respond to Peltz' remark regarding her complicity and laughed when Peltz related the ease of the burglary and theft.

Vest further testified that during the same conversation with Peltz, defendant showed Vest a lady's gold Chronosport diving watch which she said Peltz had "gotten" for her. Peltz then stated, in defendant's presence, that the watch had been stolen in the burglary of the scuba shop. The theft of a watch of this type was testified to by the owner of the burglarized shop.

Defendant argues that her silence and laughter are not adoptive admissions under CRE 801(d)(2)(B), and thus, Peltz' statements regarding her "complicity" cannot be attributed to her. We do not agree.

Defendant not only failed to respond to Peltz' incriminating statement, but she sported and showed to Vest a watch which, by Peltz' statement, she knew had been stolen in the burglary. Moreover, not only did she not respond to Peltz' statement concerning her participation in the burglary, she also laughed at Peltz' comment about how easy the burglary and theft had been. Under these circumstances, it could reasonably be concluded that the defendant heard and understood each incriminating statement, had knowledge of its contents, and was not suffering from any emotional or physical impediment that would inhibit an immediate response. *People v. Green,* 629 P.2d 1098 (Colo.App.1981).

Furthermore, Peltz' statements are admissible against defendant under CRE 801(d)(2)(E). *See People v. Braly,* 187 Colo. 324, 532 P.2d 325 (1975); *People v. Gable,* 647 P.2d 246 (Colo.App.1982).

Defendant testified and denied any involvement in or knowledge of the burglary and theft. She also stated that the watch she received from Peltz had been given to her months before the burglary. Defendant's mother and Peltz corroborated defendant's testimony concerning the watch.

When conflicting testimony is presented, it is the duty of the jury to weigh the evidence and determine the credibility of the witnesses. *People v. Noga,* 196 Colo. 478, 586 P.2d 1002 (1978). We are satisfied that there is sufficient evidence, considered in the light most favorable to the prosecution, from which a reasonable jury could conclude that defendant was guilty beyond a reasonable doubt. Thus, the trial court did not err in refusing to grant defendant's motion for judgment of acquittal. *People v. Gonzales,* 666 P.2d 123 (Colo.1983); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

## III.

Defendant's further contention that the trial court improperly refused to give her tendered instruction concerning the uncorroborated testimony of an accomplice is without merit.

No evidence was presented establishing that Vest was a principal or complicitor in the burglary, theft, or conspiracy. The test in determining who may be an accomplice is "whether the witness himself could be indicted for the offense with which the defendant is charged." *Burns v. People,* 148 Colo. 245, 365 P.2d 698 (1961). Under this test, Vest was not an accomplice, and the court's refusal to give the tendered instruction was not error.

## IV.

Finally, defendant contends that the trial court erred in refusing to set aside her conviction because the jury verdicts finding her guilty of theft and conspiracy to commit theft are inconsistent with the verdicts of not guilty of burglary and conspiracy to commit burglary. We disagree.

Defendant bases her argument on *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966) which held that an accused cannot be convicted of conspiracy and acquitted of the substantive offense where the same evidence is used for both verdicts. However, a verdict of not guilty of burglary is not inconsistent with a verdict of guilty of theft. *Renfrow v. People,* 176 Colo. 160, 489 P.2d 582 (1971); *Jones v. People,* 167 Colo. 153, 445 P.2d 889 (1968); *Maisel v. People,* 166 Colo. 161, 442 P.2d 399 (1968) (In *Jones* and *Maisel,* each of the defendants was convicted of larceny and acquitted of burglary. Larceny, C.R.S. 1963, 40–5–2, is encompassed within the present theft statute, § 18–4–401, C.R.S. (1978 Repl.Vol. 8), under which this defendant was charged.). The burglary and theft crimes with which the defendant was charged required different elements of proof, and the jury verdicts will not be reversed for inconsistency if the jury could "find from the very same evidence that the

element of one crime was present while at the same time finding that the element of another charged crime was absent." *People v. Morgan*, 637 P.2d 338 (Colo.1981); *People v. Mayfield*, 184 Colo. 399, 520 P.2d 748 (1974).

The jury could have reasoned from the testimony presented that defendant was not aware of Peltz' intent to burglarize the scuba shop, and that she did not participate in that crime. The jury could have further determined, however, that once the burglary was committed, defendant conspired and aided in the commission of the theft. Accordingly, the jury verdicts were not necessarily inconsistent.

Judgment affirmed.

BABCOCK and METZGER, JJ., concur.