The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Edgar L. SMITH, Defendant–Appellant.

No. 94CA0564.

Colorado Court of Appeals,
Div. III.

Nov. 9, 1995.

Rehearing Denied Dec. 14, 1995.

Certiorari Granted June 24, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, and Deborah Isenberg Pratt, Assistant Attorney General, Denver, for Plaintiff-Appellee.

John Turner, Colorado Springs, for Defendant-Appellant.

Opinion by Judge BRIGGS.

Defendant, Edgar L. Smith, appeals the judgment of conviction entered on a jury verdict finding him guilty of theft. He asserts, among other things, that his second trial on that charge was precluded under the doctrine of collateral estoppel because, even though the jury could not reach a verdict on the charge of theft in the first trial, it acquitted him on a related charge of burglary. We reverse.

A home was burglarized at night and items of value taken. Prior to the burglary, a neighbor had called police to report the suspicious activities of two men in a vehicle. When police arrived, a chase ensued and the vehicle crashed. The police used dogs to track defendant and arrested him near the scene of the crash. In the pockets of the jacket he was wearing were items taken from the victim's residence. The driver of the vehicle was later arrested.

Defendant was charged with burglary, theft, and theft by receiving, all related to the same victim. For reasons unclear on the record before us, the trial court dismissed the charge of theft by receiving.

At trial, defendant testified that he had innocently accompanied the driver of the vehicle to the neighborhood. Although once there he knew his companion was going to and did burglarize the house, defendant claimed he did not assent to or participate in the burglary or theft. He asserted that during the chase he grabbed the driver's jacket to protect himself and jumped out of the vehicle before it crashed. In contrast, the driver testified that defendant fully participated in the burglary and theft.

After the close of the evidence, the court instructed the jury as to the elements of the crimes of burglary and theft. The burglary charged was with the intent of committing theft. The jury was further instructed that defendant could be convicted of either offense as a principal or complicitor. Finally, the jury was instructed it could infer from the unexplained possession of recently stolen property that defendant was guilty of burglary and theft, if the jury determined such an inference was warranted from the evidence as a whole.

The jury found defendant not guilty of the charge of burglary but deadlocked on the charge of theft. The trial court therefore declared a mistrial on that charge.

Defendant then moved for dismissal of the theft charge. The trial court denied the motion.

At a second trial, the court rejected defendant's request that the jury be instructed on the elements of burglary and informed that

defendant had been acquitted of the burglary. It also rejected a request that the jury be instructed on the elements of theft by receiving, so that the theft charged could be distinguished. Defendant was convicted of the theft and, because the jury also found him to be a habitual criminal, sentenced to life imprisonment.

 The Fifth Amendment's guarantee against double jeopardy includes as an integral part the doctrine of collateral estoppel. *People v. Allee*, 740 P.2d 1 (Colo.1987). For a defendant in a criminal case to invoke collateral estoppel against the state, four requirements must be met: (1) the issue that the state desires to litigate must be identical to an issue that was actually and necessarily decided in the prior litigation; (2) there must have been a final judgment on the merits of the prior litigation; (3) the state must have been a party to the prior litigation; and (4) the defendant seeking to assert collateral estoppel must have been a party to the prior litigation. *People v. Allee, supra.* Thus, the doctrine precludes a later trial if a rational jury could not have grounded its earlier verdict upon an issue other than that upon which a later conviction would necessarily be based. *See Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *People v. Horvat*, 186 Colo. 202, 527 P.2d 47 (1974).

 Collateral estoppel is to be applied with "realism and rationality":

> Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter.... The inquiry must be set in a practical frame and viewed with an eye to all of the circumstances.

*Ashe v. Swenson, supra*, 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–76; *see People v. Matheson*, 671 P.2d 968 (Colo.App. 1983).

 The doctrine of collateral estoppel is derived from the doctrine of double jeopardy, but the two are not the same. For example, the protections of double jeopardy preclude successive prosecutions only if the elements of the two crimes are the same. The prosecution is therefore not required to pass a "same conduct" test. In contrast, "the collateral-estoppel effect attributed to the Double Jeopardy Clause ... may bar a later prosecution for a separate offense where the Government has *lost* an earlier prosecution involving the same facts." *United States v. Dixon*, 509 U.S. 688, ——, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556, 573 (1993) (emphasis in original).

 The concept of collateral estoppel has been embodied by the General Assembly in §§ 18–1–302 and 18–1–303, C.R.S. (1986 Repl. Vol. 8B). These statutes are designed to protect a defendant from having to relitigate an issue of ultimate fact once it has been determined by a valid and final judgment. Like § 18–1–303, the scope of § 18–1–302, and in particular § 18–1–302(1)(b), C.R.S. (1986 Repl.Vol. 8B), applicable here, is the same as the constitutional protections it embodies and involves the same analysis. *See People v. Matheson, supra; see also Chatfield v. Colorado Court of Appeals*, 775 P.2d 1168 (Colo.1989). Thus, we must determine whether a rational jury could ground a conviction for theft upon an issue other than one necessarily foreclosed by defendant's earlier acquittal on the charge of burglary.

The supreme court's analysis of collateral estoppel in the context of a complicity instruction in *Turner v. Arkansas*, 407 U.S. 366, 92 S.Ct. 2096, 32 L.Ed.2d 798 (1972) is instructive. There, the defendant was charged with murdering the victim during the course of a robbery. He was initially charged with only the murder because state law did not permit another count to be brought with a charge of murder. The jury found him not guilty of murder.

The prosecution in *Turner* sought to retry the defendant on the charge of robbery. The theory was that the jury might have believed the defendant and his accomplice robbed the victim but only the accomplice had committed the murder. The Supreme Court rejected the argument because the jury had been instructed that all persons aiding and abetting a felony were deemed principal offenders. Because defendant had been acquitted of aiding and abetting the murder that took

place during the robbery, it would be logically inconsistent to find him guilty of the robbery.

Here, the prosecution sought to convict defendant in the first trial of burglary and theft as either a principal or a complicitor, and the jury was so instructed. Theft was the only crime defendant was charged with having the intent to commit upon breaking into the victim's home. It was undisputed that defendant was aware the theft was to and did take place during the course of the burglary. Without the burglary, there could be no theft.

We therefore conclude that in these factual circumstances, once the jury in the first trial found defendant not guilty of the burglary as a principal or complicitor, it would have been logically inconsistent to return a verdict of guilt as to the charge of theft. *See Turner v. Arkansas, supra; see also People v. Morgan,* 785 P.2d 1294 (Colo.1990); *cf. People v. Griffie,* 44 Colo.App. 46, 610 P.2d 1079 (1980) (acquittal of charge of burglary and theft does *not* preclude retrial on charge of theft by receiving); *but see People v. Pappadiakis,* 705 P.2d 983 (Colo.App.1985), *aff'd sub nom. Peltz v. People,* 728 P.2d 1271 (Colo.1986); *In re Petitions of Shotwell,* 4 Kan.App.2d 382, 607 P.2d 83 (1980) (applying only the more restrictive double-jeopardy analysis). Stated in terms of the applicable statute, § 18–1–302(1)(b), the acquittal as a principal or complicitor to the burglary necessarily required a determination inconsistent with a fact that must be established for conviction of the theft committed during the course of the burglary.

The decision in *Renfrow v. People,* 176 Colo. 160, 489 P.2d 582 (1971) does not lead to a different conclusion. There the supreme court found no inconsistency between an acquittal for burglary and conviction for theft. However, the decision was rendered before enactment of the theft by receiving statute, § 18–4–410, C.R.S. (1986 Repl.Vol. 8B). The defendant in *Renfrow* could therefore have been convicted of theft, even though he had not "aided and abetted" the burglary, if he had received the property with knowledge it was stolen.

Since the enactment of the theft by receiving statute, the crime of theft under § 18–4–401, C.R.S. (1986 Repl.Vol. 8B) reaches a more distinct group of wrongdoers. Thus, a person who has actively participated in a theft cannot be convicted of theft by receiving. Conversely, a person who is not a principal or complicitor to a theft can be convicted of theft by receiving but no longer can be convicted of theft under § 18–4–401. *See People v. Frye,* 898 P.2d 559 (fn. 9) (Colo.1995) (" 'Inconsistency' . . . may arise . . . from legal considerations, as where multiple verdicts of guilty are returned under counts charging both the theft and receipt of the same stolen property."); *People v. Jackson,* 627 P.2d 741 (Colo.1981). Hence, while a conviction in this case for theft by receiving would not have been inconsistent with defendant's acquittal for burglary, a conviction for theft is.

Likewise, the decision in *People v. Frye, supra,* does not require a contrary result. In that case, the supreme court concluded that a defendant may not successfully challenge a verdict of guilt on the basis that it is inconsistent with a verdict of acquittal on another count. However, the scope of the ruling is limited to counts tried together in a single trial.

The concerns with inconsistent verdicts in a single trial, as summarized in *People v. Frye, supra,* are different from the double jeopardy concerns with successive prosecutions. In our view, the holding in *Frye* does not abrogate a defendant's statutory and constitutional rights to avoid successive prosecutions when a finding necessarily made in the first trial is inconsistent with a fact that must be established to convict the defendant of the crime charged in a later trial.

By acquitting defendant as even a complicitor to the burglary during which the theft occurred, the jury in the first trial necessarily determined that defendant did not aid, abet, or otherwise advise the other person in planning or committing the theft. Accordingly, the later conviction under § 18–4–401 for theft from the same victim in the same incident cannot stand.

Because we reverse defendant's conviction on this basis, we find it unnecessary to address his other contentions of error.

Judgment reversed.

JONES and RULAND, JJ., concur.