**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDDIE GREGORY,

      Petitioner - Appellant,

v.

JOE PALINO and ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 98-1372

(D.C. No. 98-D-1486)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining Petitioner-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Eddie Gregory appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as time-barred by the one-year

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

limitation period in 28 U.S.C. § 2244(d). In 1982, Petitioner was convicted of first degree murder, second degree assault, and conspiracy to commit second degree assault after a jury trial in a Colorado state court. Petitioner received concurrent sentences of life imprisonment for the first degree murder conviction, eight years' imprisonment for the second degree assault conviction, and four years' imprisonment for the conspiracy conviction. See People v. Gregory, 691 P.2d 357, 359 (Colo. Ct. App. 1984). The Colorado Court of Appeals affirmed Petitioner's conviction on direct appeal in 1984. See id. Petitioner subsequently filed a motion for post-conviction relief, which the Colorado District Court of the City and County of Denver denied on August 23, 1993. The Colorado Court of Appeals affirmed the denial on June 27, 1996. See R., Doc. 11 at Exh. 2 (People v. Gregory, No. 93CA1637 (Colo. Ct. App. June 27, 1996) (unpublished)). On March 3, 1997, the Colorado Supreme Court denied certiorari on the denial of Petitioner's application for post-conviction relief. See id., Doc. 9 at 2 & Exh. 2. The Colorado Court of Appeals issued a mandate with respect to the denial of the post-conviction application on March 7, 1997. See id. at Exh. 2.

Proceeding pro se, Petitioner submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 2, 1998. The district court filed the petition on July 9, 1998. Petitioner alleged that he was denied effective assistance of counsel, which in turn deprived him of a fair trial, and that he was

denied due process of law because the state trial court refused to grant him a new trial based on newly discovered evidence. On August 21, 1998, the district court entered an order directing Petitioner to show cause why the petition should not be barred as untimely pursuant to 28 U.S.C. 2244(d) and why his petition should not be denied for failure to exhaust state remedies. Petitioner filed a response to the show cause order on September 14, 1998, in which he asserted that he had exhausted all available state remedies. Petitioner also alleged the following reasons for failing to timely file his section 2254 petition: he was proceeding pro se; his post-conviction counsel failed to inform him of the applicable limitations period; the facility in which he is incarcerated has a rule prohibiting prisoners from assisting each other in legal matters; the Legal Access Program provided in the facility failed to provide him with needed assistance; and the law library in the facility was inadequate and did not contain the relevant federal materials.

The district court denied Petitioner's habeas corpus petition on September 18, 1998. Although the court concluded that Petitioner had exhausted his state remedies, it determined that the petition was barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d) and stated that it was not persuaded by the excuses Petitioner offered for failing to timely file the petition. On October 13, 1998, the district court denied Petitioner's application for a certificate of appealability and his application for leave to proceed *in forma*

*pauperis* on appeal.

On appeal, Petitioner renews his application for a certificate of appealability and his request for leave to proceed on appeal *in forma pauperis*. He raises essentially the same arguments he raised in his response to the show cause order and his habeas corpus petition. Although he concedes that he did not timely file his petition, Petitioner claims that his counsel's failure to inform him of the time limitation contained in 28 U.S.C. § 2244(d) and the inadequate law library at the state prison facility justify his untimely petition. See Appellant's Application for Certificate of Appealability at 2. Petitioner also contends that a grace period should apply to someone bringing a section 2254 petition for the first time and that the absence of such a grace period constitutes a denial of due process of law. See id. at 3.

We review de novo the legal bases for the district court's dismissal of Petitioner's habeas corpus petition. See Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir.), cert. denied, __ U.S. __, 119 S. Ct. 378 (1998). The one-year limitation period set forth in 28 U.S.C. § 2244(d) was enacted pursuant to the Antiterrorism and Effective Death Penalty Act of 1996. Because Petitioner's conviction and sentence became final before April 24, 1996, the effective date of the AEDPA, Petitioner had until April 23, 1997, to file his petition. See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). Pursuant to the statutory

tolling provision in 28 U.S.C. § 2244(d)(2), however, the limitation period was tolled while Petitioner pursued properly filed state post-conviction relief. See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). We cannot tell from the record the exact time during which Petitioner's post-conviction relief application was pending. However, we can surmise that Petitioner filed his application sometime before August 23, 1993, the date on which the Colorado state district court denied his motion, and that the Colorado Court of Appeals issued the final mandate on Petitioner's application on March 7, 1997. Generously construing these dates in favor of Petitioner, we agree with the district court that Petitioner should have filed his habeas corpus petition by March 7, 1998. See Williams v. Boone, No. 98-6357, 1999 WL 34856, at *4 (10th Cir. Jan. 28, 1999) ("[F]or prisoners whose convictions became final prior to April 24, 1996, the tolling provisions apply only from April 24, 1996 until the time at which any post-conviction proceeding is completed."). Petitioner did not submit his petition until almost four months after that date, on July 2, 1998. We therefore agree with the district court that his habeas corpus petition is untimely and barred by the provisions of 28 U.S.C. § 2244(d)(1) and (2).

We also reject Petitioner's contentions for excusing his untimely filing. Although he asserts that "the prison law library had removed all federal statutes from the facility law library," Appellant's Br. at 11, "[i]n the final analysis, . . .

[Petitioner] has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, __ U.S. __, 119 S. Ct. 210 (1998). Such conclusory allegations are insufficient to justify equitable tolling. See id. ("It is not enough to say that the [state] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."); cf. Cartwright v. Maynard, 802 F.2d 1203, 1211 (10th Cir. 1986) (affirming denial of federal habeas petition that was "based on general allegations . . . without substantive, supporting facts"), modified on other grounds, 822 F.2d 1477, 1478 n.2 (10th Cir. 1987), aff'd, 486 U.S. 356 (1988). Petitioner's pro se status also does not justify his failure to timely file his 28 U.S.C. § 2254 petition. See Williams, 1999 WL 34856, at *3; cf. Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir. 1991) (holding that "in abuse of the writ cases, cause and prejudice standard applies to pro se petitioners just as it applies to petitioners represented by counsel"). Further, because there is no legal right to counsel in collateral proceedings, see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), Petitioner's alleged lack of legal advice concerning the limitations period cannot constitute sufficient cause for his failure to timely file his petition. See Williams, 1999 WL 34856, at *3; Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir.), cert. denied, 498 U.S. 834 (1990).

Finally, Petitioner's argument that the limitations period set forth in 28 U.S.C. § 2244(d) should be subject to a grace period and that the lack of a grace period deprives him of due process is without merit. Not only has this court recognized that the one-year limitation period does not begin to run until April 24, 1996, for those convictions that became final before April 24, 1997, see Simmonds, 111 F.3d at 746, but also the limitations period is subject to statutory tolling under 28 U.S.C. § 2244(d)(2) and to equitable tolling. See Miller, 141 F.3d at 978. We have applied the statutory tolling provision of section 2244(d)(2), and we have determined that the facts of this case do not warrant equitable tolling. Under these circumstances, no deprivation of due process has occurred.

In short, Petitioner's excuses are not sufficient to equitably toll the limitations period set forth in 28 U.S.C. § 2244(d)(1). Petitioner therefore has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). See Williams, 1999 WL 34856, at *4 (holding that where petitioner did not present adequate excuses for untimely filing of section 2254 petition, he failed to meet standard for issuance of certificate of appealability).

Accordingly, we **DENY** Petitioner's application for a certificate of appealability and his motion for leave to proceed *in forma pauperis* on appeal. Petitioner's appeal is **DISMISSED**.

Entered for the Court


Monroe G. McKay
Circuit Judge